[No. 14017.  Department One.  September 4, 1917.]

S. I. WEST, *Respondent*, v. J. H. CAVE *et al., Appellants.*[1]

FRAUDS, STATUTE OF—CONTRACT FOR SALE OF LAND—MEMORANDUM
—DESCRIPTION—CERTAINTY.  In a contract for the sale of land known
as the "J. T. A. place," the description is not sufficiently certain
under the statute of frauds, to admit of parol testimony as to wheth-
er the place included a strip of land in dispute eight rods long and
four rods wide not originally owned but subsequently acquired.

VENDOR AND PURCHASER—CONTRACT—INTENT.  The minds of the
parties never met in a sale of the "J. T. A. place" where there was a
dispute as to what was included.

SPECIFIC PERFORMANCE — POWERS OF COURT — RELIEF.  Where the
minds of the parties never met as to the exact description of lands
intended to be included in a contract of sale, the courts cannot
grant specific performance as to the portion not in dispute, nor
resort to principles of equity to determine rights under the statute
of frauds.

APPEAL—REVIEW—RELIEF NOT SOUGHT BELOW.  An offer by re-
spondent to accede to claims made by appellant, made for the first
time in the supreme court comes too late to obtain an appropriate
decree that might have been entered.

Appeal from a judgment of the superior court for Whit-
man county, McCroskey, J., entered July 14, 1916, in favor
of the plaintiff, upon overruling a demurrer to the complaint,
in an action for specific performance.  Reversed.

*Neill & Burgunder*, for appellants.

*McCroskey & Stotler*, for respondent.

CHADWICK, J.—This is an action brought to enforce the
specific performance of a contract in words as follows:

"September 7th, 1915.

"Received from S. I. West one thousand dollars as earnest
money on the purchase of land purchased from me this day,
the land being known as the J. T. Arrasmith place; the con-
ditions being that S. I. West the purchaser, agrees to pay
sixty-two hundred dollars for the above place.  One thou-

[1] Reported in 167 Pac. 747.

sand dollars down, and the balance when the title is ap-proved.

"J. H. Cave agrees to sell the above place for sixty-two hundred dollars and acknowledges receipt of one thousand dollars on the purchase price herewith and agrees to furnish an abstract of title to the above place.

"It is also agreed that J. T. Arrasmith is to have the use of such part of the above place as he now has plowed, for one year from date, he also to have the right to occupy the house, barn and garden on the above place, said garden not to ex-ceed one and-half acres, for one year from date.

"It being understood and agreed that said J. T. Arrasmith will pay a rental of one-third of all crops raised on said place to S. I. West for the use thereof.          J. H. Cave
                                                        "S. I. West."

The court below overruled a demurrer to the amended com-plaint, holding that the contract was sufficient under the statute of frauds. The case went to trial upon the denial of appellants that all of the land claimed by respondent was the "J. T. Arrasmith place," or known as the "J. T. Arra-smith place." Appellant contends that the court erred in overruling the demurrer to the amended complaint. Our own cases, and many cases from other states, are cited and discussed by counsel on either side. But we think it will be unnecessary to review the decisions of the court, for whether we accept the theory of the respondent or that of the appel-lants, we are satisfied that the judgment of the lower court cannot stand.

We shall grant that a description of a piece of land which is known as the place of a certain named individual is a suf-ficient description to meet all of the requirements of the statute of frauds. We may go further and grant that there is a place in Whitman county, in the state of Washington, known as the "J. T. Arrasmith place," though the contract is silent as the particular location of the land.

We shall not confuse our grant by giving evidentiary ef-fect to the venue and jurat upon the acknowledgment to the contract. Acknowledgments are usually taken at a place

most convenient for the parties and can have no bearing on the location of land described in an attending contract.

The question upon which the contracting parties find their difference, and which must control this case, is whether a strip of land, eight rods long and four rods wide, adjoining the piece which is described by all of the witnesses as the "J. T. Arrasmith place," and which consists of legal government subdivisions, is a part of the land included in the contract. The smaller piece of land was not originally owned by Arrasmith, but was subsequently acquired. When the time for performance came, appellants refused to make a conveyance which included this tract; respondent refused to take less, and this action resulted.

If we adopt respondent's theory that the "J. T. Arrasmith place," is a sufficient description, the judgment cannot stand, for, at the very inception of the case, we must go beyond that description and show by parol testimony that there is land that is not included in the general description of "J. T. Arrasmith place" but land belonging to J. T. Arrasmith which in equity ought to be conveyed. The proof under the rule which would sustain the judgment rests in reputation, and by that rule the court, in finding the true intent and meaning of the parties, cannot resort to testimony as to specific exceptions or inclusions, for this would bring about a positive breach of the statute through the mediumship of what may well be called an exception to it.

No witnesses described the tract as within the general description of the "J. T. Arrasmith place." It was outside of the east fence, and, as we read the record, the fact that it was a part of the place would not be suggested to a casual observer. If appellants owned the land adjoining on the east side of the larger body of land, it would hardly be contended that the statute of frauds would not prevent one from going beyond the boundaries fixed by witnesses as the reputed boundaries of the "J. T. Arrasmith place."

The description was not sufficiently certain under any construction of the statute of frauds to admit parol testimony, and it follows that the contract was not enforcible.

Respondent asks us, in the event of a reversal of the judgment of the court below, to require appellants to take the whole sum mentioned in the contract, and which he now tenders, for the particular tract known as the "J. T. Arrasmith place," excluding the small tract over which the dispute arose. It is not made clear to us by counsel, nor are we able to understand, how this can be done. If, as respondent contends, the small tract was to be included, and, as appellant contends, it was not, it follows that the minds of the parties never met with any definite understanding. Cases arising under the statute of frauds are decided upon legal principles. A court is powerless, if it were otherwise inclined, to resort to the principles of equity to determine the rights or privileges of either party. Moreover, if it were within the power of the respondent to make such an offer, we think it should have been made at the trial in the court below where an appropriate decree might have been entered. Under any aspect of the case, the offer comes too late.

Reversed, and remanded with instructions to dismiss.

FULLERTON and MORRIS, JJ., concur.

ELLIS, C. J., concurs in the result.