[No. 27923.   Department One.   April 22, 1940.]

GEORGE C. MARTINSON, *Appellant,* v. ROBERT J. CRUIKSHANK, *Respondent.*[1]

[1]Reported in 101 P. (2d) 604.

F. L. *Morgan,* for appellant.

E. A. *Philbrick,* for respondent.

BLAKE, C. J.—Plaintiff brought this action for the reformation and specific performance of an agreement, the following terms of which are up for our consideration:

"IN CONSIDERATION of the sum of Ten and no/100 Dollars, received this day by Robert J. Cruikshank, hereinafter called the seller, from George C. Martinson, hereinafter called the buyer, said seller hereby agrees to sell to said buyer at any time within 60 days from this date, the following described property situated in the county of Lewis, state of Washington, to-wit:

"160 acres, more or less, in Section 2, Township 13 N, Range 2 East . . .

"If the purchase shall be made as aforesaid the sum hereby receipted for shall be credited as part of the purchase price, but if said buyer or his assigns shall fail to make the request aforesaid or shall fail to make any payment aforesaid within the time above limited therefor, all his rights and all payments hereinunder shall be forfeited without notice and said premises shall be absolutely discharged from any encumbrance or cloud arising herefrom.

"Any payment may be made to........................................: agent for.................................................................................

"Dated at Seattle this eighth day of May, A. D. 1939.

"Signed, Sealed and Delivered in Presence of

"ROBERT CRUIKSHANK (Seal)"

A demurrer was sustained to his complaint, whereupon an amended complaint was filed, to which a de-

murrer was also sustained. Plaintiff elected to stand on his amended complaint, and a judgment of dismissal was entered, from which this appeal is taken.

The respondent urges his demurrer on two grounds: (1) That, the agreement being an option, no adequate tender of the purchase price is alleged in the amended complaint; (2) that the contract does not contain a sufficiently definite description of the land to meet the requirements of the statute of frauds. While much might be said in support of the first ground of demurrer, the second is so clearly well taken, under our decisions, that we shall rest our decision on that alone.

In a long line of decisions, we have held that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony. *Rochester v. Yesler's Estate,* 6 Wash. 114, 32 Pac. 1057; *Hartigan v. Hoffman,* 16 Wash. 34, 47 Pac. 217; *Broadway Hospital & Sanitarium v. Decker,* 47 Wash. 586, 92 Pac. 445; *McMillan v. Wright,* 56 Wash. 114, 105 Pac. 176; *Gilman v. Brunton,* 94 Wash. 1, 161 Pac. 835; *West v. Cave,* 98 Wash. 237, 167 Pac. 747; *Nelson v. Davis,* 102 Wash. 313, 172 Pac. 1178; *Marshall v. Hillman Inv. Co.,* 151 Wash. 529, 276 Pac. 564. See, also, *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C, 1239; *Thompson v. English,* 76 Wash. 23, 135 Pac. 664.

It is too clear for argument that, under these decisions, the description of the land in the agreement under consideration is not sufficiently definite to comply with the statute of frauds.

Appellant, apparently recognizing the force of these decisions, has alleged facts designed to set up an estoppel: That, relying "upon the good faith and integrity of the defendant and his ability and willing-

ness to perform . . . said contract," he (appellant) expended time and money in cruising the timber on the land and in obtaining rights of way to it. But, the contract being void, this is not sufficient to remove the ban of the statute of frauds. Even possession of the land is insufficient unless taken in pursuance of the terms of the contract. *Rochester v. Yesler's Estate, supra; Broadway Hospital & Sanitarium v. Decker, supra.*

Appellant also seeks to escape the ban of the statute by reference to two other instruments. But the description cannot be supplemented by reference to them, because it would require parol evidence to establish their connection with the option agreement. *Rochester v. Yesler's Estate, supra; Cushing v. Monarch Timber Co., supra.* In the last cited case, it was said:

"Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described."

Appellant argues that, since, in the same action, reformation of a contract may be had and specific performance of it decreed, he is entitled to have the contract reformed and then enforced. This contention might be sound if the action were grounded in fraud or mutual mistake. But it is not. The right to reformation presupposes a valid contract which may be reformed. A contract void under the statute of frauds is not subject to reformation. *Gilman v. Brunton, supra; West v. Cave, supra; Marshall v. Hillman Inv. Co., supra.* In 22 C. J. 1290, § 1719, the rule is stated:

"The rule that where a contract upon its face is incomplete resort may be had to parol evidence to supply the omitted stipulation applies only in cases unaffected by the statute of frauds. If the subject matter of the contract is within the statute of frauds and the contract or memorandum is deficient in some one or more of those essentials required by the statute, parol evidence cannot be received to supply the defects, for this would be to do the very thing prohibited by the statute."

Appellant has cited a number of decisions from which he argues that the rule laid down in the foregoing cases has been modified or, at least, relaxed. We do not so read them, and shall refer to only two upon which he particularly relies: *Russell v. Mutual Lumber Co.*, 124 Wash. 109, 213 Pac. 461, 216 Pac. 891; *Russell v. Mutual Lumber Co.*, 134 Wash. 508, 236 Pac. 96. In these, the same contract was under consideration. In both opinions, the contract was treated as valid—without any reference to the statute of frauds —apparently upon the theory that timber is personal property. In that aspect, it must be admitted the holdings are out of harmony with *Cushing v. Monarch Timber Co.*, *supra*. Even so, we do not think the decisions impinge upon the rule of the cases we rely upon, because it was not discussed.

Judgment affirmed.

MILLARD, MAIN, ROBINSON, and SIMPSON, JJ., concur.