[No. 29776. Department One. March 7, 1946.]

R. B. FOSBURGH, *Respondent,* v. PAUL SANDO *et al.,*
*Appellants.*[1]

*Simmons & McCann,* for appellants.

*Lewie Williams,* for respondent.

MILLARD, J.—November 24, 1944, R. B. Fosburgh, the purchaser, and Paul Sando, seller, together with G. B. Kinney as agent for the seller, executed an earnest money receipt

[1]Reported in 166 P. (2d) 850.

for the sale to Fosburgh of certain real estate in King county described as "Blue Bird Auto Court, No. 14241, Pacific Highway Legal Description to be inserted" and personal property situated thereon. A description was supplied, and the earnest money receipt, dated November 28, 1944, was signed by Paul Sando and wife, as sellers, R. B. Fosburgh, as purchaser, and G. B. Kinney, as agent for the sellers. The pertinent portion of the receipt reads as follows:

"EARNEST MONEY RECEIPT

"Seattle, Washington,
November 28th, 1944

"RECEIVED FROM R. B. FOSBURGH hereinafter called 'purchaser'

"Fifteen Hundred and No/100 . . . . . . . . . . . . . . . .DOLLARS as earnest money in part payment of the purchase price of the following described real estate in King County, Washington:

"Blue Bird Auto Court, No. 14241 Pacific Hi-Way Commencing at the North West corner of the intersection of Highway 99 and South 144th Street thence Northerly 60 feet to point of beginning thence approximately 207 feet thence Westerly approximately 300 feet, Thence Southerly approximately 265 feet, Thence Easterly approximately 93 feet, Thence Northerly 60 feet, Thence Easterly 120 feet point of beginning. All in Section 15, Township 23 North, Range 4 E. W. M.

"Total purchase price is Forty Thousand and No/100 DOLLARS ($40,000.00), payable as follows: $15,000.00 Cash, balance of $25,000.00 to be paid at $400.00 or more per month including interest at 5% per annum computed upon the monthly balances. Inventory to be taken after signing earnest money receipts by both parties and to be checked at time of possession. This offer to be in effect and acceptance until Dec. 1st 1944. . . .

"Possession On or before January 2nd 1945."

The sellers repudiated the contract, whereupon plaintiff purchaser instituted an action January 2, 1945, alleging the description of the real property was ambiguous. Plaintiff prayed that the earnest money receipt be reformed by incorporating therein a true description of the property as follows, and further prayed for specific performance of the agreement as reformed:

"That portion of the Southeast Quarter (¼) of the Southwest Quarter (¼) of Section Fifteen (15), Township 23 North, Range 4 East W. M., described as follows:

"Beginning at a point on the Westerly line of State Highway 1 which is 20 feet North of the South Line of said Southeast Quarter (¼) of the Southwest Quarter (¼), and running thence West, along the North line of South 144th Street (formerly Duncan Road) 120 feet to the true point of beginning of the tract herein described; thence North, at right angles, 60 feet; thence East, parallel to the North line of said South 144th Street, to the Westerly line of said State Highway No. 1; thence Northerly, along said Westerly line 207.5 feet; thence Westerly to intersect a line which is parallel to and 289 feet East of the Westerly line of said Subdivision at a point 284 feet Northerly from the South line of said Subdivision; thence Southerly, parallel to the Westerly line of said Subdivision, 264 feet to the North line of South 144th Street (formerly Duncan Road); thence Easterly, along the North line of said South 144th Street, to the true point of beginning; situate in the County of King, State of Washington."

The cause was tried to the court, which made findings of fact and conclusions of law in favor of plaintiff and, in conformity thereto, entered decree granting plaintiff's prayer. Defendants appealed.

██ Appellants invoke the rule that a contract for the conveyance of land is void, under the statute of frauds, when such contract does not contain a description of the land sufficiently definite to locate it without recourse to oral testimony. *Martinson v. Cruikshank*, 3 Wn. (2d) 565, 101 P. (2d) 604.

That the description in the agreement is insufficient to comply with the statute, is manifest. In the first course, "thence northerly 60 feet to point of beginning" the term "northerly" implies only a general direction. See *Groeneveld v. Camano Blue Point Oyster Co.*, 196 Wash. 54, 81 P. (2d) 826. There is nothing in such call to inform one whether the direction is due north or northerly along the highway boundary, or northerly any number of degrees east or west. Assuming, for the sake of argument, that this course means due north, the next course, "thence ap-

proximately 207 feet," is not sufficiently definite, without recourse to parol evidence, to inform one the direction of the second course. ·

We have consistently followed the rule upon which appellants rely. See *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C, 1239; *Martinson v. Cruikshank, supra,* and *Barth v. Barth,* 19 Wn. (2d) 543, 143 P. (2d) 542.

We are not unmindful of the rule that, where a contract upon its face is incomplete, resort may be had to parol evidence to supply the omitted stipulation. That rule applies only in cases unaffected by the statute of frauds. Where a contract is void under the statute of frauds, it is not subject to reformation, since the right to reformation presupposes a valid contract.

"If the subject matter of the contract is within the statute of frauds and the contract or memorandum is deficient in some one or more of those essentials required by the statute, parol evidence cannot be received to supply the defects, for this would be to do the very thing prohibited by the statute." 22 C. J. 1290. *Martinson v. Cruikshank, supra.* .

The judgment is reversed, with direction to the trial court to dismiss the action.

DRIVER, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.