[No. 7551–9–I.   Division One.   July 14, 1980.]

HARRY L. RUNKLE, *as Executor, Appellant,* v. BANK OF CALIFORNIA, ET AL, *Respondents.*

*Thomas C. McCarthy* and *McCarthy, Ressa & Rogers,* for appellant.

*Steve Hansen* and *Blackburn, Moren, Lageschulte & Cornell,* for respondents.

DORE, J.—This is an appeal from a summary judgment granted in favor of defendants, dismissing with prejudice plaintiff's[1] complaint for specific performance of a contract.

## ISSUES
1. Was there a promise upon which plaintiff can sue?
2. Does the nonclaim statute bar plaintiff's recovery?
3. Does the dead man's statute preclude plaintiff from testifying?

## FACTS
Plaintiff, Harry Runkle, is the executor of the estate of Lydia T. Thomas. Defendant, Bank of California, is executor of the estate of Robert F. Thomas. Plaintiff is also the natural nephew of Lydia Thomas, and the adopted son of

---

[1]For purposes of this opinion, we will refer to "plaintiff" in the singular as the designation for appellant Runkle, as well as for the plaintiffs included in the caption above.

Mr. and Mrs. Thomas. Lydia Thomas died December 15, 1975. Robert Thomas died July 21, 1976.

In 1971, Lydia Thomas had a new will prepared designating plaintiff and Thomas as the sole beneficiaries. Both men read this will. Lydia Thomas also had an agreement prepared, the substance of which reads as follows:

> Robert E. Thomas . . . and Harry L. Runkle . . . each agree that at the time any money is received by each of us from the estate of Lydia T. Thomas each of us will pay . . . the sum of $2,500.00 [to each of three specified individuals].

Lydia Thomas indicated that she wanted the plaintiff and her husband to sign the agreement because she had forgotten to make bequests in her will to the three named beneficiaries. The plaintiff and husband signed the agreement which Mrs. Thomas also signed as a witness.

Lydia Thomas' new will was thereafter executed, leaving her estate in equal shares to plaintiff and her husband. Thomas died before he had personally received any distribution from his wife's estate. A distribution was made to his executor (defendant) after Thomas' death.

Plaintiff's amended complaint asks for specific performance of the agreement. The trial court granted defendants' motion for summary judgment finding that (a) the plaintiff was not a proper party and therefore the complaint failed to state a claim upon which relief could be granted (conclusion of law No. 2), and (b) Thomas never personally received any money from his wife's estate. The trial judge concluded that Thomas' obligation, if any, to pay the specified sums never arose (finding of fact No. 2; conclusion of law No. 1).

### Decision

Issue 1: Existence of promise a material fact.

This case comes before us in the procedural posture of an appeal from a summary judgment. Our inquiry is limited to whether there exists a genuine issue of material fact. *Capitol Hill Methodist Church v. Seattle,* 52 Wn.2d

359, 324 P.2d 1113 (1958). A material fact is one "upon which the outcome of the litigation depends, in whole or in part." *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). In the investigation of the record, this court must view the evidence, as well as all reasonable inferences therefrom, in the light most favorable to the nonmoving party, here, the plaintiff. *Pine Corp. v. Richardson,* 12 Wn. App. 459, 530 P.2d 696 (1975).

The determination of this case turns on whether or not there was an agreement between Mrs. Thomas, on the one hand, and plaintiff/Mr. Thomas, on the other. Viewing the evidence and all inferences in favor of plaintiff, the following are issues of material fact which have yet to be resolved:

1. Whether there was a contract collateral to the agreement between Mr. Thomas and plaintiff wherein Lydia Thomas agreed to include Thomas and plaintiff in her will[2] if they agreed to sign the agreement.

2. Whether Mrs. Thomas relied on the agreement signed by plaintiff and Thomas, and was thus induced to execute her will as drafted, rather than change her will to include the "forgotten" beneficiaries.

These issues must be resolved by the trier of fact and cannot be disposed of as a matter of law through a summary judgment.

ISSUE 2: Nonclaim statute inapplicable.[3]

RCW 11.40.010 bars claims of creditors of decedents who fail to file their claims within 4 months after publication of notice to creditors. This action was commenced following the expiration of the claims period.

---

[2]Mrs. Thomas was not required to leave any property to her husband because at the time of her death, both husband and wife held separate property but there was no community property.

[3]Although raised by the defendants in their summary judgment motion, this issue was not reached by the trial court. We will pass on the issue here, inasmuch as a reviewing court, on an appeal from a summary judgment, makes the same inquiry as the trial court. *Highline School Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 548 P.2d 1085 (1976).

We hold the nonclaim statute inapplicable because the claim arose *after* the decedent's death. The agreement stated that Thomas would pay each of three named beneficiaries $2,500 "at the time any money [was] received by [him] from the estate of Lydia T. Thomas." The money was not *received* until after Thomas' death and therefore the nonclaim statute is inapplicable. *Foley v. Smith,* 14 Wn. App. 285, 539 P.2d 874 (1975).

ISSUE 3: Dead man's statute inapplicable.[4]
RCW 5.60.030 provides in part:

No person offered as a witness shall be excluded from giving evidence by reason of his or her interest in the event of the action, as a party thereto or otherwise, but such interest may be shown to affect his or her credibility: *Provided, however,* That in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any such deceased, . . . *Provided further,* That *this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and have no other or further interest in the action.*

(Last italics ours.)

Plaintiff claims his only interest in this suit is seeing that the wishes of Mrs. Thomas be carried out by enforcing the agreement. Defendant points to the fact that plaintiff was personally a party to the agreement, and as such, had a "further interest."

The legal test in such a case is whether the person so "interested" will gain or lose by direct legal operation and effect of judgment. *State v. Robbins,* 35 Wn.2d 389, 213 P.2d 310 (1950).

---

[4]As with issue 2, this issue was not reached by the trial court, although raised by defendants in their summary judgment motion.

The plaintiff herein will neither suffer a loss nor realize a gain through the enforcement of the alleged contract. Because he is suing in a representative capacity and has no further interest in the transaction, his testimony (through affidavits) is not barred by the dead man's statute.

Reverse and remand.

CALLOW, C.J., and DURHAM–DIVELBISS, J., concur.

Reconsideration denied August 18, 1980.

Review denied by Supreme Court October 24, 1980.