[No. 3944–7–III.   Division Three.   February 24, 1981.]

D. Vern Howell, et al, *Appellants,* v. Inland Empire Paper Company, *Respondent.*

*John M. Klobucher* and *Murphy, Bantz, Jansen, Klobucher, Clemons & Bury,* for appellants.

*Peter Witherspoon, E. Glenn Harmon,* and *Witherspoon, Kelley, Davenport & Toole,* for respondent.

GREEN, J.—Plaintiffs Howell brought this action against the defendant, Inland Empire Paper Company (Inland), for specific performance or reformation and specific performance of an alleged agreement for an exchange of real property. Inland moved for summary judgment, asserting the description of its parcel of land is insufficient to satisfy the statute of frauds and is therefore void and unenforceable. Summary judgment was granted and the Howells appeal. We affirm.

The land in question was described as follows:

PARCEL A
Portions of Tracts 59, 58, 57, 56, 55, 62, 63 and 64, West Farms Irrigated Tracts #3, situate in Section Six (6), Township Twenty–five (25) North, Range Forty–five (45), E.W.M., Spokane County, State of Washington, to consist of approximately 55.5 acres.

In *Bigelow v. Mood,* 56 Wn.2d 340, 341, 353 P.2d 429 (1960), the court reiterated the long established rule that:

[I]n order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description.

(Citations omitted.) It is also well settled that a description which designates the land conveyed as a portion of a larger tract without identifying the particular part conveyed does not meet the requirements of this rule. *Martinson v. Cruikshank,* 3 Wn.2d 565, 567, 101 P.2d 604 (1940); *Garrett v. Shriners Hosps. for Crippled Children,* 13 Wn. App. 77, 79, 533 P.2d 144 (1975); *cf. Kupka v. Reid,* 50 Wn.2d 465, 468, 312 P.2d 1056 (1957); *Mary M. Miller & Sons v. Daniels,* 47 Wash. 411, 413, 92 P. 268 (1907) (tax foreclosure proceedings). An agreement containing an inadequate legal description of the property to be conveyed is void, *Schweiter v. Halsey,* 57 Wn.2d 707, 710, 359 P.2d 821 (1961), and is not subject to reformation, *Fosburgh v. Sando,* 24 Wn.2d 586, 589, 166 P.2d 850 (1946), *Martinson v. Cruikshank, supra* at 568–69, or specific performance,

*Herrmann v. Hodin,* 58 Wn.2d 441, 443, 364 P.2d 21 (1961).

Applying the above rules to the description here, we are constrained to find it void and as a consequence, specific performance of the agreement was properly denied. It is readily apparent from the legal description that the parcel to be conveyed cannot be located without resorting to oral testimony. Further, the writing here does not refer to any other instrument containing an adequate description. Finally, only "portions" of the various tracts within the larger tract are to be conveyed.

■ The Howells' position is that the parties intended to execute a binding agreement for the exchange of property; there is no dispute between them as to the exact property intended to be conveyed; and no innocent third parties will be damaged by enforcement of the agreement.[1] They urge us to extend the decision in *Powers v. Hastings,* 93 Wn.2d 709, 612 P.2d 371 (1980), to this case. That case is not applicable here. There, a tenant sued his lessor and recovered damages for breach of an oral lease with an option to purchase. The court held that part performance removed the contract from the operation of the statute of frauds. The requirements for part performance were listed, at page 717:

> (1) delivery and assumption of actual and exclusive possession; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements, referable to the contract.

It is further stated, at page 721: `

> Although the strongest case for part performance is presented where all three part performance elements— possession, payments and improvements—are present, this court repeatedly has found sufficient part performance where two elements exist. [Citing cases referring to

---

[1] We note that the Howells' contentions are disputed by Inland. The affidavits and deposition presented with respect to the motion for summary judgment raise issues of fact as to (1) whether the person who signed the agreement on behalf of Inland was authorized to do so; (2) the location of some of the boundaries of the parcel to be conveyed; and (3) potential damage to third parties to whom Inland had also made a commitment.

possession and improvements or possession and payments.]

The *Powers* court found evidence of all three of these elements. The only arguable part performance by the Howells was a survey of the property they agreed to exchange with Inland, which was required by their agreement. This survey and an agreed amount of money was tendered to the closing agent. Possession, improvements and installment payments are all absent in this case.

Further, in *Powers,* in addition to part performance, the important terms of the contract were admitted in the pleadings and the testimony and were sufficient to award *damages.* The opinion noted at page 716 that an action for *specific performance* "demands a clear, definite, and precise understanding of all the terms; they must be exactly ascertained before their performance can be enforced.'" (Quoting J. Pomeroy, *Specific Performance of Contracts* § 159, at 224 (2d ed. 1897). Here, the description of the property is unclear and the acts preparing for the exchange are not sufficiently referable to Inland's property to provide a basis for specific performance.

Neither do we find *House v. Erwin,* 83 Wn.2d 898, 524 P.2d 911 (1974), also relied upon by the Howells, to be controlling. That case held that a broker's listing agreement need not contain a complete legal description of the property listed in order to satisfy the requirements of the statute of frauds. The limited nature of the decision is stated at page 905:

> [I]t should be absolutely clear the foregoing relates only to the real estate broker's commission provisions contained in RCW 19.36.010(5) and not with any other requirement of any statute or statutes.

Further, at pages 904–05, the opinion quoted *Central Idaho Agency, Inc. v. Turner,* 92 Idaho 306, 311, 442 P.2d 442 (1968), where the reason for the exception was noted:

> A contract employing a broker to find a purchaser of real property, is not a contract to sell, convey, or encumber real property or any interest therein. It is

purely a contract of employment for services to be performed by the broker for a commission to be paid upon the occurrence of certain specified events. *Ordinarily such a contract would not support an action to compel conveyance of the property involved.* The present action does not seek any such relief. It was brought solely for the recovery of the commission provided for in the agreement.

(Italics ours.) The *Central Idaho Agency* case added that the contract must be "sufficient to enable the broker to locate the property, show it, and point out its boundaries to the prospective purchaser." Since this case involves the conveyance of an interest in real property,[2] *House* is not applicable. Moreover, even if the analysis could be extended here, the description is inadequate to determine the precise land to be conveyed.

The purpose of the statute of frauds is to prevent fraud arising from uncertain agreements. *Powers, supra* at 722. We recognize that the statute of frauds should not be applied in a manner which promotes fraud. *House v. Erwin, supra* at 904; *Miller v. McCamish,* 78 Wn.2d 821, 828, 479 P.2d 919 (1971). However, there is no evidence of fraud in this case. Moreover, the cases relied upon by the Howells do not involve the question of adequacy of a legal description or refer to *Bigelow v. Mood, supra;* nor do they undermine the long line of precedent evidenced in that case. We are bound by that precedent.

Affirmed.

McINTURFF, C.J., and ROE, J., concur.

Reconsideration denied March 19, 1981.

Review denied by Supreme Court May 22, 1981.

---

[2]RCW 64.04.010 reads:

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: . . ."