[No. 4195–II.   Division Two.   August 18, 1981.]

RALPH D. WILLIAMS, ET AL, *Appellants,* v. GLADYS
KOCH FULTON, *Respondent.*

*James D. Ladley,* for appellants.

*John F. Nichols,* for respondent.

PETRIE, J.—Ralph and Marian Williams, and Myron Lewis, doing business as Myron Lewis Real Estate, appeal an order of summary judgment dismissing their complaint for specific performance, or, in the alternative, damages arising from the execution of an earnest money agreement. We affirm.

On January 3, 1979, Ralph and Marian Williams presented an earnest money agreement to Gladys Fulton, offering to purchase property owned by Fulton in Clark County. After several counteroffers back and forth, the parties reached an agreement in which the Williamses would purchase the property for $754,400. The agreement also included the following addendum:

> This offer accepted subject to the purchaser developing the south 146 acres more or less first. Purchasers agree to give the seller a life time estate together with her son and Phyliss Tipton as long as they live in the existing home. Along with the life time estate the sellers will have access

and use of approximately 20 acres more or less and purchasers agree to give sellers the right in writing to use any of available water source such as creeks, springs, etc. during the time of the life time estate.

The record also reflects that at some point during the negotiations Mrs. Fulton marked out a 20–acre site on a tract map. Some time later, two alternative legal descriptions and ground surveys were made of 20–acre sites around the home, apparently with the understanding that Mrs. Fulton would select one of the sites. Neither the tract map nor the legal descriptions and surveys, however, were ever attached to the agreement or even made a part of the record.

The agreement was conditioned on satisfactory perc tests, obtaining 30 septic tank permits, and plat approval by the regional planning commission to change the comprehensive plan for the property from a 20–acre minimum to a 5–acre minimum. The agreement also stated that the legal description of the property would be attached within 5 days. Within the 5–day period various deeds and tax records describing the property were attached. None of these documents, however, refer to the life estate or to the 20 acres reserved for Fulton's use. The Williamses also satisfied the various conditions in the earnest money agreement by paying the $1,000 earnest money note, conducting various perc tests and surveys on the property, and arranging for the property's zone designation to be changed to a 5–acre minimum. Despite satisfaction of these conditions, Fulton's attorney, nevertheless, notified the Williamses that Fulton would not honor the agreement.

The Williamses bring this action, seeking specific performance of the agreement or, in the alternative, damages. Fulton raised, *inter alia,* the defense of the statute of frauds, contending the legal description of the property was insufficient. Fulton then moved for summary judgment, and the Superior Court subsequently granted that motion, finding that the agreement did in fact violate the statute of frauds. The Williamses now appeal.

On appeal, we must address two issues: (1) whether the legal description in the earnest money agreement was the result of a mutual mistake, thus allowing reformation of the agreement, and (2) whether sufficient part performance of the agreement occurred to remove it from the statute of frauds. We resolve both issues in the negative and thus affirm.

The parties do not dispute that because of the absence of a precise legal description of the life estate or the 20 acres reserved, the agreement was insufficient under the statute of frauds regarding real estate transactions. RCW 64.04.020. *See Bigelow v. Mood,* 56 Wn.2d 340, 353 P.2d 429 (1960); *Martin v. Seigel,* 35 Wn.2d 223, 212 P.2d 107, 23 A.L.R.2d 1 (1949). The Williamses argue, however, that the insufficiency was due to a mutual mistake, and thus the description can be reformed to comply with the statute of frauds. *See Tenco, Inc. v. Manning,* 59 Wn.2d 479, 368 P.2d 372 (1962); *Lofberg v. Viles,* 39 Wn.2d 493, 236 P.2d 768 (1951).

Although we recognize that a legal description of property may be reformed if a mutual mistake is established,[1] a mutual mistake occurs only if the intentions of the parties were identical at the time of the transaction, and the written agreement did not express those intentions. *Bergstrom v. Olson,* 39 Wn.2d 536, 236 P.2d 1052 (1951). Reformation is not appropriate, however, if the agreement expresses the intent of the parties, but the legal description

---

[1]*Howell v. Inland Empire Paper Co.,* 28 Wn. App. 494, 495, 624 P.2d 739 (1981), a recent opinion of another division of this court states: "[a]n agreement containing an inadequate legal description of the property to be conveyed is void . . . and is not subject to reformation," citing *Fosburgh v. Sando,* 24 Wn.2d 586, 166 P.2d 850 (1946) and *Martinson v. Cruikshank,* 3 Wn.2d 565, 101 P.2d 604 (1940). We publish this opinion only to avoid any possible misinterpretation of the present state of the law in this jurisdiction. The statement in *Howell* is undoubtedly sufficient to satisfy the fact pattern of that case. We believe, however, that it should not be construed so as to preclude reformation under an appropriate factual setting. *See Platts v. Arney,* 46 Wn.2d 122, 278 P.2d 657 (1955); *Lofberg v. Viles,* 39 Wn.2d 493, 236 P.2d 768 (1951). *See generally St. Regis Paper Co. v. Wicklund,* 93 Wn.2d 497, 610 P.2d 903 (1980); Shattuck, *Contracts in Washington, 1937–1957: Part II,* 34 Wash. L. Rev. 345, 360 (1959); Washington State Bar Association, *Real Property Deskbook* § 32.39 (1979).

is merely incomplete. 2 A. Corbin, *Contracts* § 340 (1950).

The agreement in this case includes the addendum, which clearly indicates the parties' intent to reserve a life estate and access to 20 acres. Thus, the written agreement does express the parties' intentions and no mutual mistake has occurred. While the documents subsequently attached to the earnest money agreement fail to mention the life estate or 20 acres, this fact merely renders the description insufficient.[2] Consequently, reformation is not appropriate.[3]

The Williamses also contend that their actions in satisfying the various conditions of the earnest money agreement constituted sufficient part performance to remove the agreement from the statute of frauds.[4] In support of their argument they point to the various tests and surveys conducted on the property, the $1,000 earnest money, and zoning redesignation of the property.

In determining whether sufficient part performance has occurred, we must look for the existence of the following elements: (1) delivery and assumption of actual and exclusive possession, (2) payment or tender of considera-

---

[2]The Williamses contend the designation by Fulton of her 20 acres on the tract map raises a genuine issue of a material fact which should preclude summary judgment. *See* CR 56. As noted above, however, the tract was never made part of the record. Accordingly, neither we nor the trial court can measure the specificity of the site description. Furthermore, there is no indication that the proposed legal descriptions or ground surveys were ever presented to Fulton. Indeed, it appears that they had not been prepared until after her attorney notified the Williamses of her intent to reject the agreement. Consequently, all this merely demonstrates a unilateral mistake which will not support reformation. *Fleury v. Bowden,* 11 Wn. App. 617, 524 P.2d 449 (1974).

[3]The agreement did mistakenly include a description of property Fulton had previously sold to a Mead Schmoeckel. Reformation as to this aspect of the agreement would be appropriate.

[4]Although this issue was apparently argued, the Superior Court did not rule on whether the requirements of part performance had been met. We may decide whether this issue can be resolved on summary judgment, however, because on an appeal from a summary judgment we make the same inquiry as the Superior Court. *Highline School Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 548 P.2d 1085 (1976); *Runkle v. Bank of Cal.,* 26 Wn. App. 769, 772 n.3, 614 P.2d 226 (1980).

tion, and (3) the making of permanent, substantial and valuable improvements, referable to the contract. *Powers v. Hastings,* 93 Wn.2d 709, 612 P.2d 371 (1980); *Richardson v. Taylor Land & Livestock Co.,* 25 Wn.2d 518, 171 P.2d 703 (1946). In evaluating these elements, we recognize that the improvements element is considered the strongest evidence. Also, while all three elements need not be present, most cases in Washington have found at least two elements present. *See Powers v. Hastings, supra.* Further, in addition to the elements listed above, the following threshold requirement must be satisfied: "the contract [must] be proven by evidence that is clear and unequivocal and which leaves no doubt as to the terms, character, and existence of the contract." *Miller v. McCamish,* 78 Wn.2d 821, 829, 479 P.2d 919 (1971); *Powers v. Hastings, supra.*

Even if we assume that this threshold requirement has been met (a dubious assumption in view of the analysis above), none of the three elements discussed above has been satisfied. The various tests and surveys conducted on the property at the direction of the Williamses fall short of proving actual and exclusive possession. *See Martinson v. Cruikshank,* 3 Wn.2d 565, 101 P.2d 604 (1940); *Howell v. Inland Empire Paper Co.,* 28 Wn. App. 494, 624 P.2d 739 (1981). The $1,000 earnest money is a de minimis amount compared to the total purchase price of $754,400 and cannot be construed as satisfying the "payment or tender of consideration" element. *Howell v. Inland Empire Paper Co., supra.* Finally, the zoning redesignation, while arguably an improvement in the sense that it increased the value of the property, lacks the degree of permanence present in other cases. *See, e.g., Powers v. Hastings, supra; Miller v. McCamish, supra.* Consequently, part performance does not exist in this case.[5]

---

[5]The failure to show that the elements of part performance have been met precludes not only specific performance but recovery of damages. *See Miller v. McCamish, supra.* Recovery of damages, however, must be distinguished from a theory of restitution, which may exist even though a contract is void under the statute of frauds. *Thompson v. Hunstad,* 53 Wn.2d 87, 330 P.2d 1007 (1958).

Judgment affirmed.

REED, C.J., and PEARSON, J., concur.

Reconsideration denied September 18, 1981.

Review denied by Supreme Court November 20, 1981.

Because the Williamses did not plead restitution and have not asserted that theory either at the trial court level or on appeal, we need not consider it. *Beggs v. Pasco*, 93 Wn.2d 682, 611 P.2d 1252 (1980).