[No. 30482. Department One. May 5, 1948.]

ESTHER DAHLIN, *Respondent,* v. CARL RAYMOND DAHLIN
*et al., Appellants.*[1]

*Harcourt M. Taylor,* for appellants.

*Brown & Hawkins,* for respondent.

MALLERY, C. J.—The plaintiff brought this action to reform a deed and to quiet her title to certain real property.
From the judgment of the court, the defendants appealed.

August and Alma Dahlin came to Yakima valley before
the first World War and established a fruit ranch on the
heights above Wiley City, consisting of approximately ten
acres, of which about eight acres were in fruit. There were
five children: Alpha, now Mrs. Lee Bruff, Carl, Gilbert,
Esther, the respondent herein, and Ruth, now deceased.

[1]Reported in 193 P. (2d) 358.

August Dahlin died March 31, 1935. His estate was probated and became the property of his surviving spouse. Before World War II, the Dahlins had not prospered, and it had been necessary for them to receive aid from their children. Alpha had loaned her parents certain sums of money and had received promissory notes therefor. Carl had sent them money over a period extending from 1931 to 1934, which, in view of the uncertainty of his testimony, the court found did not exceed the sum of one thousand dollars. Gilbert, prior to 1939, had worked on the farm without pay. In 1939, the mother, Alma Dahlin, had been in bad health, and being unable to operate the farm alone, her daughter, the respondent, came to live with her and operated the farm from then on.

The appellants by an affirmative defense alleged that the mother had made a will in which she had left two sevenths of her property to the respondent, two sevenths to Gilbert, and one seventh to each of the other children. Upon this point, the court in its memorandum opinion said:

"There is a great deal of testimony in the case concerning several wills made by Alma Dahlin, which is quite confusing. It does appear, however, that in at least one of these wills she provided that her property should be distributed two-sevenths to Gilbert, two-sevenths to Esther, and one seventh each to Alpha, Carl and Ruth. *This extra provision in favor of Gilbert and Esther was to repay them for the time and efforts* they had expended on the ranch." (Italics ours.)

At a later date, in March of 1941, the mother, in consideration of one dollar and love and affection, conveyed to the respondent a tract of land. It was the intention, as admitted by the pleadings, to convey by this deed the ranch property upon which Alma Dahlin was living and which has since been in the possession of the respondent. The deed, however, described an entirely different parcel of land. The appellants, after admitting a mutual mistake in the description, object to quieting title in the respondent because they claim the respondent was, in fact, a trustee

of the property, which was to be divided according to the terms of the will mentioned.

The court found that, in deeding the ranch property to the respondent, Mrs. Dahlin did so with the purpose and expectation that the respondent would repay the money loaned by Carl and Alpha and also make a payment to Gilbert for the time he operated the ranch. The court was further of the opinion that the extra amount provided for in the will, which was supplanted by the deed, was to repay Gilbert and respondent for the time and efforts expended on the ranch. The testimony as to the value of the ranch at the time the deed was given varied from the lowest estimate of $7,680 to the testimony of Gilbert that it was worth $8,500. As a basis for deciding the case, the court found the value at the amount of $8,400.

The court found that, before the bringing of the action, the respondent had paid each of the children $1,200, or one seventh of $8,400. In addition, she paid Alpha $1,200 plus some interest upon the notes that she had covering the loan made to her parents. Alpha quitclaimed her interest to the respondent and is not a party to this action. In addition, she paid $465 to Carl because of the money which he had loaned to his parents, and $650 to Gilbert on account of the work he had done without pay. Upon the basis that Gilbert was entitled to two sevenths of the value of the farm as of 1941 or approximately $2,400, the court allowed him an additional $550 to bring the sum received up to that amount. Carl was allowed an additional $535 for the same purpose. Upon these payments being made, the court found that the respondent should have her title quieted and reformed.

This satisfied the contention of the appellants' pleadings as to the share of the property they were entitled to, except that the value of the farm was fixed as of the time of the making of the deed to the respondent instead of the present time. Since the respondent received the deed, fruit raising has prospered in the vicinity, and it appears that she had an offer of seventeen thousand dollars for the ranch

which she was unable to accept by reason of not having a marketable title.

It is the position of the appellants that there was a trust in favor of the appellants which entitled them to share in the profits of the operation of the farm after it was deeded to the respondent and also to share in its present value. They contend that the deed was subject to a disposition of the property in accordance with the terms of the will. They concede that they could not prove the terms of such a trust, but they take the position that the burden was on the respondent to prove that the deed was a deed of gift, or she would not be entitled to any relief because she would not have come into equity with clean hands, having failed to settle with the appellants on the basis of their claims. In her testimony, she denied that she had had any real obligation to make the payments which she did make, but asserted that they were made out of the goodness of her heart and to buy peace.

The trial court found against her in these contentions and decreed the additional awards mentioned to Gilbert and Carl.

 Upon the appellants' claim to a share in the earnings and present value of the ranch, the trial court said:

"The court does not feel that the defendants are entitled to profit from the increased valuation of the ranch since 1941, nor to have an accounting from any profits made on the ranch in subsequent years, since it was the intention of the mother to turn the ranch over to Esther for her own property, burdened merely with the obligation to make payments to the other children as above indicated."

This holding is amply supported by the record.

 As to the equitable maxim invoked by appellants, it should be noted that the execution of the deed in question was not at the instigation of the respondent but was procured by Alpha. Because the claims of the appellants are unfounded as to the time the valuation of the property should be made, and because of the fact that respondent did pay sums much closer to the amounts found due by the court than those claimed by the appellants, we think

the doctrine of unclean hands cannot be invoked in this case, since upon a question of unliquidated claims people may differ in good faith.

The appellants complain that they did not receive their costs in the court below. Their position was not sustained. They were not entitled to them.

The judgment is affirmed.

SIMPSON, MILLARD, SCHWELLENBACH, and HILL, JJ., concur.