**Peggy HALLAS, Plaintiff—Appellant,**

v.

**AMERIQUEST MORTGAGE COMPANY; Fidelity National Title Insurance Company; Town & Country Title Services, a California corporation, Defendants—Appellees.**

No. 06–35108.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed May 29, 2008.

Terrance J. Slominski, Esq., Slominski & Associates, Tigard, OR, for Plaintiff–Appellant.

David M. Jacobson, Esq., Erin Warren, Dorsey & Whitney, LLP, Curt Roy Hine-

line, Esq., Dorsey & Whitney U.S. Bank Building Center, Seattle, WA, for Defendants–Appellees.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Peggy Hallas appeals the magistrate judge's [1] summary judgment in favor of appellees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see *Prison Legal News v. Lehman,* 397 F.3d 692, 698 (9th Cir.2005), and we affirm.

Reformation of the deed of trust is appropriate here.[2] First, the deed of trust may be reformed after the foreclosure sale. *See Rogers v. Miller,* 13 Wash. 82, 42 P. 525, 525–26 (1895) (permitting reformation after a foreclosure sale).

Second, the undisputed facts clearly and convincingly show that, at the time the deed of trust was signed, Hallas and Ameriquest shared an identical intent—namely, for Ameriquest to take a security interest in Hallas' property and to reflect that interest in the loan documents. *See Saterlie v. Lineberry,* 92 Wash.App. 624, 962 P.2d 863, 865 (1998); *Snyder v. Peterson,* 62 Wash.App. 522, 814 P.2d 1204, 1206–08 (1991); *Tenco, Inc. v. Manning,* 59 Wash.2d 479, 368 P.2d 372, 373–74 (1962); *Maxwell v. Maxwell,* 12 Wash.2d 589, 123 P.2d 335, 337 (1942).

Third, Hallas' equitable defenses to reformation fail. Insertion of the correct property description into the deed of trust after it was signed does not, under these circumstances, demonstrate the bad faith or unconscionable conduct necessary to support an unclean-hands defense. *See Dahlin v. Dahlin,* 30 Wash.2d 642, 193 P.2d 358, 360 (1948); *J.L. Cooper & Co. v. Anchor Secs. Co.,* 9 Wash.2d 45, 113 P.2d 845, 857–58 (1941). And Hallas' assertion that Ameriquest is equitably estopped from seeking reformation is contrary to Washington law. *See Rogers,* 42 P. at 525–26 (permitting reformation after a foreclosure sale).

Hallas waived her right to pursue her remaining claims, with the exception of her Fair Debt Collection Practices Act ("FDCPA") claims, by failing to sue before the foreclosure sale took place. *See* Wash. Rev.Code §§ 61.24.130, 61.24.040(1)(f)(IX); *see also Koegel v. Prudential Mut. Savs.,* 51 Wash.App. 108, 752 P.2d 385, 386, 389 (1988).

Hallas' claim that Fidelity's and Town & Country's conduct violated 15 U.S.C. § 1692f(6) because Ameriquest did not have a security interest in her property fails because, with reformation of the deed of trust, the existence of a security interest is unarguable.[3] Hallas has abandoned her remaining FDCPA claims by failing to specifically and distinctly argue the claims in her opening brief. *See Int'l Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

The magistrate judge did not abuse his discretion in denying Hallas' motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  The parties consented to the entry of a final judgment by the assigned magistrate judge. *See* Fed.R.Civ.P. 73; 28 U.S.C. § 636(c).

2.  For purposes of this appeal, we assume (as did the magistrate judge) the truth of Hallas'

contention that when she signed the deed of trust, it did not contain any legal description of the property.

3.  We assume, without deciding, that Fidelity and Town & Country were "debt collectors" for purposes of 15 U.S.C. § 1692f(6).

amend her complaint because the proposed amendment would have been futile. *See Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

We have considered and reject Hallas' other claims raised on appeal.

AFFIRMED.