[Decided February 4, 1887.]

JOHN CARSON *v.* LAFAYETTE P. RAILSBACK.

1. EVIDENCE — PLEADING AND PROOF — AMENDMENT — VARIANCE. — In an action to recover land, and set aside defendant's deeds, plaintiff averred title under a defective deed from W. T. G., executed by him as T. G., which they asked to be declared the deed of W. T. G. On the trial plaintiff introduced, over defendant's objection, a prior deed from W. T. G., to remedy a supposed defective description in which the second deed, under which plaintiff averred title, was executed. *Held*, no error, since, the case being an equitable one, the particularity of pleading made use of by plaintiff was unnecessary; the liberality of the rule in regard to amendments permitted the plaintiff to put in the evidence and amend his pleadings to conform thereto on proper terms, and it appeared that defendant was denied no indulgence that he asked by reason of being misled by the pleadings, though the deed would have been inadmissible at common law, because plaintiff had declared specially on the other.

2. DEED — DEFECTIVE ACKNOWLEDGMENT — CURATIVE ACT. — In the certificate of the notary who took the acknowledgment of the first deed, he described himself as a notary for —— Territory: *Held*, that if this defect was material, it was cured by the act of Washington Territory, November 10, 1873, curing defective acknowledgments.

3. PUBLIC LANDS — DEEDS BY PRE-EMPTOR — DATE — PRESUMPTION. — The deed of a pre-emptor bore the same date as his certificate of purchase.

*Held*, that there was no presumption that the deed was executed before the certificate, and therefore void, under United States Revised Statutes, section 2262, declaring all such assignments or transfers theretofore void.

4. DEED — DESCRIPTION — UNITED STATES SURVEY. — Land was described in a deed according to the system of the United States government survey, without designating the county and territory in which it lay, though the deed was executed and recorded in the county where it lay: *Held*, that since the court takes judicial notice of the United States surveys, the description was sufficient.

5. PUBLIC LANDS — PRE-EMPTION — FRAUD — CANCELLATION. — Defendant alleged that C., through whom plaintiff claimed, colluded with the preemptor to enter the land in his name for the benefit of C.: *Held*, that the law does not avoid a deed made after receipt of patent certificate because of such collusion, if it exist, since only the United States can do that in a direct proceeding against the guilty parties, while the title is in their hands.

APPEAL from the District Court at Tacoma. Second District.

The material facts are sufficiently set forth in the opinion of the Court.

*Mr. J. P. Judson*, for the Appellant.

Plaintiff, having set up in his complaint title under a certain deed, and claiming none other, cannot now be permitted (without amending their pleadings) to show that he has title under some other deed two years prior in time and from a differently named grantor. The law requires that the evidence should be confined to the issue made by the pleadings, and therefore the deed of August 13, 1870, not having been pleaded, was inadmissible. (1 Greenl. Ev., secs. 551–563, 566–569; Pomeroy's Remedies and Remedial Rights, secs. 553–558.) The deed of August 13, 1870, was not properly acknowledged. The officer taking the acknowledgment says in his certificate that he is a "notary public for —— Territory." The deed of August 13, 1870, should have been excluded because it is void for uncertainty in the description of the land conveyed, there being no statement of the county or territory in which the land is situate. (*Cochran v. Utt*, 42

Ind. 267; *Murphy* v. *Hendricks*, 57 Ind. 593; *Boyd* v. *Ellis*, 11 Iowa, 97; 1 Jones on Mortgages, sec. 66; *Caldwell* v. *Center*, 30 Cal. 542; *Boardman* v. *Reed's Lessees*, 6 Pet. 328.) The deed of plaintiff's grantor was void under the laws of the United States, as it appears by the evidence that final proof under the pre-emption law was made by plaintiff's grantor on August 13, 1870, and on the same day the deed was made in Pierce County by him. (U. S. R. S., sec. 2262.) Plaintiff's title was acquired by his grantor in violation of an act of Congress, and no court can aid him. (*Click* v. *Ward*, 18 Am. Dec. 389, and cases cited in note.)

*Messrs. Struve, Haines, & McMicken,* for the Appellee.

The plaintiff alleged in his complaint that he had a valid and subsisting interest to the land in controversy, and the nature of his estate, claim, and title thereto, which was all required to be pleaded by the statute. The deed was mere evidence tending to show plaintiff's title. No evidentiary fact ought to be pleaded, and the allegation of such fact ought to be treated as an immaterial averment. (Code, secs. 538, 539; Bliss on Code Pleading, secs. 140, 206–208.) If proof of the deed was a variance with the allegation in the complaint, nothing appeared in the record that defendant was actually misled to his prejudice in maintaining his defense. (Pomeroy's Remedies and Remedial Rights, secs. 554, 556.) The court will presume in favor of the notary's certificate of acknowledgment, and that it was made within the jurisdiction of the officer. (*Carpenter* v. *Dexter*, 8 Wall. 513.) The words "W. T." are an ordinary abbreviation of the words "Washington Territory," which courts will judicially notice. Such as "Admr" for "administrator." (*Morely* v. *Martin*, 37 Ala. 216.) Or that "St. Louis, Mo.," means St. Louis in the state of Missouri. Or of the customary abbreviation of Christian names. (*Stephens* v. *State*, 11 Ga. 225.) Or that by "N. P." is meant

notary public, and by "J. P." is meant justice of the peace. (*Rowley* v. *Berwin*, 12 Ill. 198.) The failure to state county or territory in deed did not render it void; description of land by section, township, and range was sufficient, if land answering such description was located in county where deed was recorded. (*Atwater* v. *Schenks*, 9 Wis. 160; *Mossman* v. *Forrest*, 27 Ind. 233; *Wright* v. *Phillipps*, 2 G. Greene, 191; *Hoyt* v. *Russell*, 117 U. S. 404.) No presumption arises that deed was made prior to final proof and issuance of certificate although all were made on same day. In the absence of proof, the act must be presumed to have been done innocently and honestly, and not fraudulently or illegally. (Lawson on Presumptive Evidence, 93–103, and cases there cited.) Preemptor may sell land at any time after making final proof. (*Myers* v. *Croft*, 13 Wall. 291.) Defendant must specially plead fraud. (Pomeroy's Remedies and Remedial Rights, secs. 687, 688; *Lifter* v. *Field*, 52 N. Y. 621.) If fraud was committed against the United States in acquiring title after patent, the latter alone can take advantage of it by direct attack. The question cannot be tried collaterally.

*Mr. J. P. Judson*, for the Appellant, in reply.

The rule that fraud must be pleaded before the court will consider the evidence showing fraud has no application where the fraud is against the government. (Greenhood on Public Policy, secs. 124, 126, 127; *Oscanyon* v. *Arms Co.*, 103 U. S. 226.) The description would fit some tract of land in any state or territory having a similarly numbered section, township, and range. Recording such a deed by the grantee cannot aid the description or afford a presumption as to its location. (Sedgwick and Wait on Trial of Title to Land, sec. 462.)

Mr. Justice TURNER delivered the opinion of the court.
In the year 1869 one William Thomas Gibson, a male

citizen of the United States over the age of twenty-one
years, acquired from the United States, by purchase un-
der the pre-emption laws, a quarter-section of land, of
which the lands described in the several complaints
herein were a part. Patent issued to him on the tenth
day of October, 1872. On the eighteenth day of August,
1870, said William T. Gibson and wife, for valuable con-
sideration paid, sold and conveyed to Aaron Chandler by
deed, with full covenants of warranty, the said lands de-
scribed in the complaint, and the conveyance was put on
the record of deeds in the proper county as by law re-
quired. Later, a part of the land so conveyed to Chand-
ler was conveyed by him in parcels to the several plaintiffs
in the court below, the appellees here. Before this parcel-
ing out of the lands, however, Gibson and wife, for the
purpose of curing a supposed defect in the description of
the land conveyed by their first deed, on the ninth day of
August, 1872, made another deed to Chandler contain-
ing a more full and definite description of the land
conveyed, and this deed was duly recorded. The last
deed misdescribed the deed intended to be corrected; it
was signed by Gibson, not by the name of William T.
Gibson, his true name, but by the name of Thomas Gib-
son, the name by which he was generally known and
called in the community; and to make matters worse,
there was an omission in the certificate of acknowledg-
ment made by the notary. Later, Gibson, having re-
moved to California or being there, was accused and
tried by the courts of that state of murder, and being
convicted of a lesser degree of the offense, was sentenced
to a long term of imprisonment in the penitentiary.
From this imprisonment he was released on pardon
through the exertions of Mrs. Clara S. Foltz, an attor-
ney at law, and on the twenty-seventh day of April,
1882, the said William T. Gibson, as a consideration
for the services thus rendered, made a quitclaim deed
to Mrs. Foltz of all the lands acquired by him from

the government, as before stated. Curative deeds be-
ing the order of this case apparently, Mrs. Foltz, on
the thirty-first day of May, 1882, for some reason
known to herself, caused Gibson to execute to her a
bargain and sale deed to the same lands. Both of
these deeds were duly entered of record. On the 9th
of December, 1882, Mrs. Foltz by deed, with cove-
nants of warranty against her own acts only, con-
veyed to John Carson, the defendant in the cases
below,—the appellant here,—the lands in controversy.
Carson entered on the land, excluded the plaintiffs
below therefrom, erected a saw-mill, and has since
been cutting down and sawing up the timber stand-
ing and growing thereon. The plaintiffs below filed
separate complaints, averring the facts generally stated.
By consent the cases were consolidated and tried to-
gether.

The plaintiffs in their complaint averred the second
deed from Gibson to Chandler as the foundation of their
title, and made no mention therein of the first deed, or
of any claim founded thereon, nor was there any gen-
eral allegation of title which might be referred to the
first deed. The plaintiffs prayed, among other things,
that the deed by Gibson and wife—meaning the sec-
ond deed—be decreed to be the deed of William T.
Gibson, and to have passed the title to Chandler, their
grantor, in fee-simple; that the property described in
the complaint be decreed to be the property of plain-
tiffs, free from all claim of the defendant or the said
Clara Foltz, and that the plaintiffs be let in possession
thereof; that the pretended conveyance from Gibson
to Foltz and from Foltz to the defendant be set aside
and declared null and void, and that the defendant be
enjoined, etc.

On the trial, the first deed from Gibson to Chandler,
which at the time of the filing of the complaint appears
to have been forgotten, if ever known, was offered in

evidence, and was received by the court over the objection of the defendant, and all the findings of the court, or enough of them to sustain its judgment, had reference to the title of plaintiffs by and through said deed. Undoubtedly, according to the principles of pleading at common law, the first deed from Gibson to Chandler would have been inadmissible. The plaintiffs, having declared specially on the title acquired by the second deed, would be held to strict proof of it, as if one declare in replevin for a horse, and describe him as a white horse, he could not recover on proof of detention of a brown horse or a black horse. And the rule that the proofs must correspond to the allegations of the pleadings is not abrogated under the code system. Greater latitude, however, is allowed under that system than at common law, and an amendment at any stage of the case to make the averments correspond to the proofs is allowed, and sometimes in cases of mere description is considered as made without any formal change in the pleadings, or is made summarily by interlineation. Where amendment is of a character to suggest possible prejudice to the opposite side, terms should be imposed, and time be given to the other side to prepare anew for trial if the amendment materially changes the scope of the proofs that may be offered. We are not prepared to say that such time should not have been given the defendant in this case, inasmuch as the complaint made it to appear that the controversy to which he had been invited related to rights growing out of the second deed. But the record does not make it affirmatively appear that he was not offered this indulgence. Nothing is shown except that he excepted to the introduction in evidence of the first deed. The case being one of an equitable character to declare title as between conflicting claimants, to recover possession, and to enjoin waste, all of which relief is properly grantable in one

suit, it was unnecessary for the plaintiffs to have indulged in the particularity that they did in the description of the instruments which formed the proof of their title. The variance, therefore, was not a complete failure of proof, as that term is used in our statute, and in the absence of a showing to the contrary, and especially in the absence of demand made for time, we cannot presume that the defendant was prejudiced.

In the certificate of the notary taking the acknowledgment of the first deed there was an omission. He described himself as a notary for "—— Territory." If this omission was material, the defect was cured by the act of legislature entitled "An act curing defective acknowledgments," approved November 10, 1873. (Laws of Wash. Terr. 1874, p. 481; *Kenyon* v. *Knipe*, 2 Wash. 422.)

The first deed was made by Gibson to Chandler on the same day that Gibson received his patent certificate at the land-office. It is claimed that said deed was void under section 2262 of the Revised Statutes of the United States. The fact that the deed was made on the same day that the patent certificate was received will not authorize us to presume that it was made prior to the receipt of the certificate, but in the absence of contrary proof, we must presume that it was made after. The deed, therefore, must be presumed to have been a valid deed. (*Meyers* v. *Craft*, 13 Wall. 291.) In this case we have nothing to do with the alleged collusion of Gibson and Chandler to enter the land in the name of the former for the benefit of the latter. The law does not avoid a deed made after receipt of patent certificate because of such collusion, if it exist. The United States, undoubtedly, may do so in such a case; by action for that purpose, so long as the title remains in the guilty parties. The last objection in the District Court to the deed of 1870 is, that it is void for uncertainty in the description of the land, in that it does not describe the county and

territory in which the land is located. Lands of the description of those conveyed by said deed, according to the system of survey of public lands adopted by the United States, of which the courts will take judicial cognizance, lying and being in Pierce County, in this territory, the deed being there made and there recorded, we think are sufficiently described without the addition of the name of the county and territory. Courts should construe instruments in the light of the acts of the parties, in such a manner that, if possible, effect will be given to them. Many questions of a most interesting character, arising out of the second deed, received in evidence in the case, were ably argued by counsel. But the view here taken renders it unnecessary for us to pass on them. The first deed conveyed an estate in fee in these lands to Chandler, and the deeds of Foltz and Carson, being subsequent to that instrument, conveyed no title.

The judgment of the lower court was correct, and is affirmed.

GREENE, C. J., and LANGFORD, J., concurred.

NOTE BY REPORTER. — The appellant filed a petition for rehearing. At the special adjourned term held in July, 1887, the petition was denied.