[No. 2255. Decided December 4, 1896.]

JOHN C. HARTIGAN, *Appellant*, v. F. A. HOFFMAN, *Respondent.*

DEED — DESCRIPTION — EXECUTION BY ATTORNEY IN FACT — EVIDENCE — OBJECTIONS NOT RAISED BELOW.

Where a deed executed by an attorney in fact has been introduced in evidence, without objection that no proof of the authority under which it had been executed had been shown, such objection cannot be raised for the first time on appeal.

A description of premises in a deed is void for uncertainty, when it merely describes the land as "East half, northeast quarter and northwest quarter of northeast quarter of section 13, in town 35 range eight east," without specifying the meridian nor whether the township is north or south, nor the county or state in which the land is situated. (*Carson v. Railsback*, 3 Wash. T. 168, distinguished.)

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Affirmed.

*Million & Houser*, for appellant:

It will be seen from an inspection of this deed that the wife purports to sign and execute the same through Edson L. Shaw, purporting to be acting as her attorney in fact. Proof of the power of attorney was just as essential to the validity of this deed as proof of the wife's signature itself. 1 Devlin, Deeds, § 357; *Territory v. Klee*, 1 Wash. 185.

Is the description in the deed under which appellant claims sufficient to convey title to the land in question? The state and county not having been designated in the description, the court will presume that the land is located in Skagit county, Washington, where the deed was recorded, provided there is land in Skagit county, which, according to the government survey, corresponds to the government sub-divisions set out

in the deed.   *Carson v. Railsback*, 3 Wash. T. 168;
*Stoddard v. Sloan*, 65 Iowa, 680; *Beal v. Blaer*, 33 Iowa,
318; *Pursley v. Hayes*, 22 Iowa, 39 (92 Am. Dec. 350);
*Hypfener v. Walsh*, 3 G. Greene, 509; *Mossman v. Forrest*, 27 Ind. 233; *Wright v. Phillips*, 2 G. Greene, 191;
2 Devlin, Deeds, § 1011.   The court will take judicial
notice of the public surveys within its jurisdiction.
*Hoyt v. Russell*, 117 U. S. 404.   It is incumbent on the
court to bring to the aid of the deed all the apparent
intentions of the parties as indicated by their acts.

*C. J. McDougall*, and *W. A. M. Jones*, for respondent:

The respondent, relying on the general rule requiring a definite description, calls attention to a case very
much like the one at bar.   *Fuller v. Fellows*, 30 Ark.
657.   Neither the county nor state was written in the
deed; it contained the section and subdivisions.   The
omission was held fatal; there was a patent ambiguity,
and the deed was void for uncertainty.   *Mooney v. Cooledge*, 30 Ark. 640; *Doe v. Porter*, 3 Ark. 18.   No deed
without a proper description can be received as evidence of title.   *Wilson v. Johnson*, 38 N. E. 38.

The opinion of the court was delivered by

GORDON, J.—Appellant brought this action to quiet
title to certain real property in Skagit county.   The
lands in question were originally patented to one
Snyder.   On the 4th of June, 1892, Snyder conveyed the premises, by a deed of general warranty, to
one Nelson, who, on the 22d of August, 1892, by a
like instrument, conveyed to one Edson L. Shaw.   On
the 29th of September, 1892, Shaw and his wife, Annie
W. Shaw, she purporting to act through her husband
as her attorney in fact, by deed of general warranty
conveyed the premises to Eugene Stebinger, who,

on the 1st of October, 1892, conveyed the premises by
a like deed to the respondent.    The deeds from Snyder
to Nelson, from Nelson to Shaw, and from Shaw to
Stebinger, were filed for record in the office of the
auditor of Skagit county (in which county the premises
are situated) on the 5th day of September, 1893.    The
deed from Stebinger to the respondent was filed for
record on the 17th of August, 1893.

The deeds above mentioned were offered in evidence
by the respondent at the trial below, and were received
without objection upon the part of the appellant, and
constituted the case for the respondent.   The appellant
relies upon a quit-claim deed executed by Snyder to
the appellant on the *13th day of May, 1893*, which was
filed for record with the auditor of Skagit county on
the *24th day of June, 1893*.    It will be observed that
this last mentioned deed was recorded prior to the
record of any of the deeds in respondent's chain of
title.    The lower court made its findings of fact and
conclusions of law in writing, as required by statute,
and entered judgment dismissing the appellant's com-
plaint and decreeing the respondent to be the owner
in fee simple of the lands in controversy.    From this
judgment and decree the appellant (plaintiff below)
has appealed.

Only two errors are assigned.    The first is that the
court erred in making the following finding, viz:

"That on the 29th day of September, 1892, the said
Edson L. Shaw and Annie W. Shaw, husband and wife,
by warranty deed, duly executed, conveyed said prop-
erty to Eugene Stebinger, which deed was duly ac-
knowledged as required by law and filed for record in
the office of the auditor of said Skagit county on the
5th day of September, 1893, and appears of record
therein."

The specific objection is that no proof was introduced as to the existence of the power of attorney or authority under which said Edson L. Shaw purported to act in executing said instrument on behalf of his wife. But, as already noticed, this deed, like the others in respondent's chain of title, was offered and received without objection upon the part of the appellant, and this particular objection, as appears from the record, is urged here for the first time. For this reason we cannot consider it. Had the objection been timely made, respondent might have obviated it by the introduction of other evidence.

The remaining assignment is that "the conclusions of law and judgment are unsupported by the law and facts." This assignment is somewhat indefinite, and it does not challenge the correctness of any of the findings not already referred to. The court in effect found that the quit-claim deed from Snyder to the appellant was void because of uncertainty in the description. The premises are described in the deed as follows, viz: "East half, northeast quarter and northwest quarter of northeast quarter of section 13, in town 35, range eight east." The deed was executed in the state of Nebraska, in which state the grantor was then residing. Neither the county nor the state in which the granted premises are situated is specified in the deed. The name of the meridian is not mentioned, nor is it apparent from the deed whether the township in which the premises are located is north or south. To be effective a deed to real estate must describe it with sufficient certainty to enable it to be located. Counsel for the appellant contend that the description in appellant's deed is sufficient under the holding of the territorial court in *Carson v. Railsback*, 3 Wash. T. 168 (13 Pac. 618.) We have examined a

great many cases upon the question of what constitutes a sufficient description in a deed to real estate, and think that *Carson v. Railsback, supra,* is as favorable to the appellant as any that is to be found. But the sufficiency of the description in the deed here in question cannot be upheld upon the authority of that case. In that case the deed was executed and recorded in Pierce county, in which the grantor resided, and while neither the territory nor county was mentioned in describing the granted premises, the township and range were given, and the court held that it would take judicial notice of the system of survey of public lands adopted by the United States, which, as applied to the description then under consideration, enabled the court to ascertain that the premises were located in Pierce county aforesaid. But considering the description in the deed before us with reference to the system of survey adopted by the United States, it cannot be ascertained that the granted premises are within Skagit county, or even the state of Washington. As before mentioned, the name of the meridian is not given, nor whether the township is north or south; and the deed might as properly be recorded in any of the several states as in the state of Washington or the county of Skagit. This uncertainty renders the deed void, and the court did not err when it reached that conclusion.

Upon the entire record we think that the judgment and decree must be affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.