[No. 31684. Department Two. July 12, 1951.]

VIOLET LEACHMAN BINGHAM, *Appellant*, v. J. W. SHERFEY *et al., Respondents.*[1]

*McCabe & McCabe*, for appellant.

*Henry E. Savage*, for respondents.

WEAVER, J.—This is an action for the specific performance of a written option for the purchase of real property. The trial court sustained a demurrer to the amended complaint.

[1]Reported in 234 P. (2d) 489.

The plaintiff refused to plead further. The action was dismissed with prejudice.

The sole question is the legal sufficiency of the land description contained in the option. The option, dated January 15, 1945, described the property as:

"... the following described real estate situated in Garfield County, State of Washington, to-wit:

"Tax No. 3, in Section Thirty-one, in Township Twelve, North, of Range Forty-two, *as at present designated* on the tax rolls in the office of the County Assessor of said county, *being* all of that part of the following described tract of land, to-wit:

"Beginning at a point on the North line of Main Street in the City of Pomeroy, 394 feet East of the West line of Northeast quarter of Southwest quarter of said Section Thirty-one; thence North 5° West 325 feet; thence East 198 feet; thence North 937 feet to North line of Southwest quarter of said Section Thirty-one; thence West 96 feet to the county road, thence along the east line of county road South 29° West 265 feet; thence South 16° 20′ West 248 feet; thence South 16° 15′ West 455 feet; thence South 32′ West 357 feet to Main Street, thence East 284 feet to starting point:

"Excepting tracts of land heretofore sold to V. H. Robinson, to Frank Hall, and to one Hazard." (Italics ours.)

▉ The legal description contains no reference to a meridian. Since *Carson v. Railsback,* 3 Wash. Terr. 168, 13 Pac. 618, we have taken judicial notice of the system of survey of public lands adopted by the United States. We know that, in this state, there can be no "range forty-two" *west* of the Willamette Meridian. Such a description would call for a location in the Pacific ocean. Hence, "Range Forty-two" in the description must refer to range forty-two east of the Willamette Meridian. Of this we take judicial notice. *Schmidt v. Powell,* 107 Wash. 53, 180 Pac. 892; *Chapman v. Milliken,* 136 Wash. 74, 239 Pac. 4.

Apparently, the trial court held that the adequacy of the entire description depended upon the sufficiency of the metes and bounds description which, with the exceptions, made it indefinite and uncertain. The appellant contends that the first portion of the legal description, set forth in the

option, down to the words "being all of that part of the following" contains a full, complete, and legally sufficient description of the property, and that the remainder is an attempt to duplicate the same description in different words and is, in fact, surplusage.

With this we agree. The word "being," as used, necessarily implies that the following descriptive words are intended to be alternative or explanatory. The contract granted an option to purchase "Tax No. 3, . . . as at present designated on the tax rolls in the office of the County Assessor of said county." It identifies the section, township, range, county, and state. The addition of the metes and bounds description neither takes from, nor adds to, the tax title reference. The appellant does not argue that the metes and bounds description, standing alone, is sufficient. In view of our holding upon the sufficiency of the first part of the description, it is not necessary for us to pass upon the sufficiency of the second.

The use of the term "Tax No. 3" as descriptive of property for certain purposes, is sanctioned by statute.

Rem. Rev. Stat., § 11137 [P.P.C. § 979-119], provides:

"The assessor shall list all real property according to the largest legal subdivision as near as practicable. The assessor shall make out in the plat and description book in numerical order a complete list of all lands or lots subject to taxation, . . . ; *provided, that the assessor shall give to each tract of land where described by metes and bounds a number, to be designated as Tax No. —*, which said number shall be placed on the tax-rolls to indicate that certain piece of real property bearing such number, and described by metes and bounds in the plat and description book herein mentioned, . . . ." Italics ours.)

In *Turpen v. Johnson*, 26 Wn. (2d) 716, 175 P. (2d) 495, we held property was sufficiently described, for the purpose of a tax foreclosure, even though the metes and bounds description was erroneous, when it had added to it as explanatory, "(Carried as Assessor's Tax Lot No. 22 of Niels Hendrichsen D.L.C.)" In *Centralia v. Miller*, 31 Wn. (2d) 417, 197 P. (2d) 244, we held property was sufficiently de-

scribed for the purpose of an action to quiet title when it was described as "Tax Lot 21" in a specific section, township, and range in Lewis county, Washington.

■ We have held consistently that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else must contain a reference to another instrument which does include a sufficient description. *Martinson v. Cruikshank*, 3 Wn. (2d) 565, 101 P. (2d) 604; *Barth v. Barth*, 19 Wn. (2d) 543, 143 P. (2d) 542; *Fosburgh v. Sando*, 24 Wn. (2d) 586, 166 P. (2d) 850. That is certain which can be made certain. *Ontario Land Co. v. Yordy*, 44 Wash. 239, 87 Pac. 257; *Wingard v. Pierce County*, 23 Wn. (2d) 296, 160 P. (2d) 1009. This is not inconsistent with the rule announced in *Martin v. Seigel*, 35 Wn. (2d) 223, 212 P. (2d) 107.

■ "The following described real estate situated in Garfield County, State of Washington, to-wit:

"Tax No. 3, in Section Thirty-one, in Township Twelve, North, of Range Forty-two [E. W. M. being furnished by judicial notice], as at present designated on the tax rolls in the office of the County Assessor of said county,"
as set forth in the option to purchase pleaded in the amended complaint, meets these requirements. Oral testimony is not necessary to determine the exact legal description of the land upon which the minds of the parties met, the one to sell, the other to buy. It must be assumed, for the purpose of testing the amended complaint by demurrer, that the county assessor has performed the duty imposed upon him by statute, and that a reference to this public record furnishes the legal description of the real property involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds.

The order dismissing the action is reversed, with direction to the trial court to overrule respondents' demurrer to the amended complaint.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.