

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | |
| | ) | No. 35793-7-III |
| STEVEN WARD HALL, | ) | |
| | ) | |
| Deceased, | ) | |
| | ) | |
| CHAD DAVIS, individually and as | ) | UNPUBLISHED OPINION |
| personal representative of the Estate of | ) | |
| Steven Ward Hall, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD CZYHOLD, administrator of | ) | |
| the Estate of Marianne E. Czyhold, and | ) | |
| Persons or Parties with interest in these | ) | |
| proceedings, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — The estate of Steven Hall (Hall Estate) appeals from a summary judgment in favor of the estate of Marianne Czyhold (Czyhold Estate). The trial court determined that Hall vested title in his house to Czyhold. Agreeing that Hall conveyed a joint tenancy to Czyhold, we affirm.

No. 35793-7-III
*In re the Estate of Steven Ward Hall*

FACTS

In 2008, Steven Hall signed two deeds in favor of his longtime companion, Marianne Czyhold. Each document consists of handwriting on a statutory quitclaim deed form. Both deeds are notarized.

The first deed, dated January 15, 2008, reads:

> THE GRANTOR *Steven W. Hall* of *1803 E Alder Street*, City of *Walla Walla*, County of *Walla Walla*, State of *Washington*, for and in consideration of *such Love + Affection + 1$\frac{00}{}$* convey and quit-claim to *Marianne E. Czyhold* of *169 N. Wilbur Ave #13*, City of *Walla Walla*, County of *Walla Walla*, State of *Washington*, all interest in the following described Real Estate: *until such time that Washington State tax lien is satisfied, this document will be recorded as Joint Tenancy, with right of survival* situated in the County of *Walla Walla*, State of *Washington*. Dated this *15th* day of *January*, *2008*.

Clerk's Papers (CP) at 30 (handwriting in italics).

The second deed, dated June 4, 2008, provides:

> THE GRANTOR *Steven W. Hall* of *1803 E. Alder Street*, City of *Walla Walla*, County of *Walla Walla*, State of *Washington*, for and in consideration of *Steven W. Hall + Marianne Czyhold* convey and quit-claim to *1803 E. Alder and* of *169 N. Wilbur Ave #13*, City of *Walla Walla*, County of *Walla Walla*, State of *Washington*, all interest in the following described Real Estate: *Valley Homes W/ 74' of S 110' of Lot 7 until such time Washington State Tax Lien is satisfied this document will be recorded as Joint Tenancy with right of survival* situated in the County of Walla Walla, State of Washington. Dated this *Fourth* day of *June*, *2008*.

CP at 31 (handwriting in italics).

Near the top of each deed form is a box that bears the heading, "Indexing information required by the Washington State Auditor's/Recorder's Office." On each

2

deed, the information in the index box names Steven W. Hall as the grantor, Marianne

Czyhold as the grantee, the abbreviated legal description of the property as "Valley

Homes W/ 74' of S 110' of Lot 7" and the tax parcel as number 360722560096. CP at

30, 31.

A notarized document addressed to Steven W. Hall from the Washington

Department of Revenue titled, "NOTICE OF LIEN FOR DEFERRED PROPERTY

TAXES AND/OR SPECIAL ASSESSMENTS" (Notice) contains the following legal

description for the property at 1803 E. Alder Street, Walla Walla:

> Beginning at the Southwest corner of Lot 7 (seven) of Valley Homes,
> according to the official plat thereof of record in the office of the Auditor of
> said Walla Walla County, and running thence East along the South line of
> said Lot 7 (seven) a distance of 74 feet; thence North and parallel to the
> West line of said Lot 7 (seven) a distance of 110 feet; thence West and
> parallel to the South line of said Lot 7 (seven), a distance of 74 feet to a
> point in the West line of said Lot 7; thence South on said West line a
> distance of 110 feet to the point of beginning, Walla Walla
> CountyWashington, A.K.A. Assessor's Parcel Number 36-07-22-56-0096.

CP at 51.

Mr. Hall died on October 7, 2016. Ms. Czyhold died on February 12, 2017. On

May 12, 2017, Chad Davis, as personal representative of the Hall Estate, petitioned the

Walla Walla County Superior Court to declare the Hall Estate the sole owner in fee

simple of real property at 1803 East Alder Street, Walla Walla. The Hall Estate named as

respondent Richard Czyhold, administrator of the Estate of Marianne E. Czyhold.

3

The Czyhold Estate moved for summary judgment. In support of the motion, it submitted a memorandum and six attached exhibits, including the deeds and notice mentioned earlier. The exhibits were not submitted through a declaration.

Overruling an objection to the exhibits, the trial court granted the motion for summary judgment, determining that the deeds vested title in the property to Ms. Czyhold as a joint tenant with right of survivorship. The Hall Estate timely appealed to this court. A panel considered the case without hearing argument.

ANALYSIS

This appeal presents one evidentiary and two substantive issues.[1] After first addressing the evidentiary concern, we then turn to the two substantive issues: did Mr. Hall convey a property interest to Ms. Czyhold and, if so, what type of estate did he convey?

*Evidentiary Challenge*

The Hall Estate argues that the trial court erred in considering the three exhibits quoted above.[2] By the terms of ER 902(h), the documents were admissible. The trial court did not err.

---

[1] The Czyhold Estate argues that the Hall Estate's petition for declaratory judgment is barred by the doctrine of laches. Because neither party nor the court addressed this theory below, we do not address it here. RAP 9.12.

[2] Hall also challenges the other three, non-notarized, exhibits. Since those exhibits were unauthenticated and are unnecessary to our analysis, we do not consider them.

Well-settled standards govern review of a summary judgment ruling. "We review summary judgments de novo." *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "When determining whether an issue of material fact exists, the court must construe all facts and inferences in favor of the nonmoving party." *Ranger*, 164 Wn.2d at 552.

It is understood that "evidence submitted in opposition to summary judgment must be admissible." *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 141, 331 P.3d 40 (2014). "Unauthenticated or hearsay evidence does not suffice." *Id*. Notarized documents are self-authenticating. ER 902(h). Moreover, records of documents affecting an interest in property also satisfy an exception to the hearsay rule. ER 803(14).

The two deeds and the tax notice were admissible since they were self-authenticating. The trial court did not err by considering them.

*Effectiveness of the Deeds*

The Hall Estate argues that the two deeds are ineffectual because they fail to satisfy the statutory requisites set forth by our legislature. Although deficient in some regards, we conclude that the second deed was adequate.

5

The construction of a deed is a legal matter to be determined by a court. *Niemann v. Vaughn Cmty. Church*, 154 Wn.2d 365, 374, 113 P.3d 463 (2005). A court's "primary objective" when interpreting a deed "is to discern the parties' intent." *Id*. That intent "is to be derived from the entire instrument." *Harris v. Ski Park Farms, Inc.*, 120 Wn.2d 727, 739, 844 P.2d 1006 (1993). If an "ambiguity exists, the situation and circumstances of the parties at the time of the grant are to be considered." *Id*.

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed." RCW 64.04.010. "Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by [ ]this act to take acknowledgments of deeds." RCW 64.04.020.

Consideration is not required to convey an interest in property. *Bale v. Allison*, 173 Wn. App. 435, 445, 294 P.3d 789 (2013). "It is the unusually strict but well-settled rule in Washington that to comply with these statutes, real estate subject to a conveyance must be described in sufficient detail that the court is not compelled to resort to extrinsic evidence in order to find out what was in the minds of the contracting parties." *Kofmehl v. Baseline Lake, LLC*, 167 Wn. App. 677, 689-690, 275 P.3d 328 (2012), *aff'd*, 177 Wn.2d 584, 305 P.3d 230 (2013). In addition, "compliance with the statute of frauds in land transaction contracts or deeds requires a description of land sufficiently definite to locate it without recourse to extrinsic evidence or else reference must be made to another

6

instrument which does contain a sufficient description." *Tenco, Inc. v. Manning*, 59 Wn.2d 479, 485, 368 P.2d 372 (1962); *accord Bingham v. Sherfey*, 38 Wn.2d 886, 889, 234 P.2d 489 (1951).

Thus, Washington permits an insufficient deed description to be supplemented by internal reference to another document containing descriptive information. In *Bingham*, for instance, reference to the county assessor's tax number was found sufficient to supplement the inadequate description in the contract to purchase real property. *Id*. at 887-889. The court "assumed" that the assessor's record would furnish "the legal description of the real property involved." *Id*. at 889.

Here, the second deed, when considered with reference to the tax parcel number, effectively complied with the statute and conveyed an interest in the property to Ms. Czyhold. Both deeds are in writing, signed by Mr. Hall, and notarized, and both deeds name the grantor as Mr. Hall and the grantee as Ms. Czyhold. Each deed identifies the property subject to the conveyance by tax parcel number, county, and state. Each deed also references a pending tax lien. The lien document, in turn, provides a complete legal description of the property. The second deed also includes a partial legal description.

Taken together, this information shows that Mr. Hall intended to convey an interest in tax parcel no. 360722560096, which corresponds to 1803 E. Alder St., to Ms. Czyhold. On the basis of the partial description in the second deed, we conclude that the

trial court correctly determined that Mr. Hall effectively conveyed an interest to Ms. Czyhold.

*Estate Conveyed*

Having answered the threshold question of whether there was a conveyance, the question remaining is what kind of property interest did Mr. Hall convey to Ms. Czyhold? His estate contends that, at most, all that was conveyed was a fee simple determinable. We disagree.

"A fee simple determinable, also called a determinable fee simple, is an estate that automatically terminates on the happening of a stated event and reverts to the grantor by operation of law." *Wash. State Grange v. Brandt*, 136 Wn. App. 138, 150, 148 P.3d 1069 (2006). This type of fee "is created by the use of durational language such as 'for so long as,' 'while,' 'during,' or 'until.'" *Id*. "The possibility of reverter arises automatically in the grantor as a consequence of the grantor's conveying a determinable fee estate." *Id*. There must be clear intent to create a determinable fee interest. "It is the almost universal rule that, in order to make an estate conditional, the words used in the deed must clearly indicate such an intent, either by express terms or by necessary implication from the language used." *King County v. Hanson Inv. Co.*, 34 Wn.2d 112, 119, 208 P.2d 113 (1949). "Washington courts do not favor estates upon condition and if the creating language is unclear that a conditional estate was intended, courts will generally construe a fee simple absolute." *Niemann*, 154 Wn.2d at 373 n.6.

8

The language of the deeds does not clearly indicate intent to create a conditional estate. Each deed indicates that it will be recorded as a joint tenancy with right of survivorship "until such time that Washington State tax lien is satisfied." CP at 30-31. While "until such time" is typical fee simple determinable language, the entire phrase suggests that Mr. Hall intended to create a joint tenancy immediately, and that something unspecified would happen after the lien was satisfied. Because the conditional language of the deeds is ambiguous, we disregard the phrase beginning with, "until such time." Absent that language, either deed conveyed a joint tenancy to Ms. Czyhold.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, C.J.

9