IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-RM4, | No. 85615-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| Appellant, | |
| v. | |
| ESTATE OF BRADLEY HRUTFJORD, | |
| Respondent, | |
| DAVID HRUTFJORD AND STEVEN HRUTFJORD, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF BRADLEY HRUTFJORD; DIANA HRUTFJORD; BJORN HRUTFJORD; BOBBIE L. KENNEY; ALLIANCEONE RECEIVABLES INC.; A BAIL BOND SERVICE, INC.; STATE OF WASHINGTON, DEPARTMENT OF REVENUE; STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILD SUPPORT; WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES; LORI DEXTER; DENNIS DEXTER; UNKNOWN HEIRS, SPOUSE, LEGATEES, AND DEVISEES OF BRADLEY HRUTFJORD, DECEASED; UNKNOWN OCCUPANTS OF THE | |

SUBJECT REAL PROPERTY; ALL
OTHER UNKNOWN PERSONS OR
PARTIES CLAIMING ANY RIGHT,
TITLE, ESTATE, LIEN, OR INTEREST
IN THE REAL ESTATE DESCRIBED
IN THE COMPLAINT HEREIN; AND
QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON,

Defendants.

CHUNG, J. — Bradley Hrutfjord signed a promissory note for a loan to purchase real property that comprises two tax parcels. Hrutfjord granted the lender a deed of trust as security for the note. The note included only a street address for the property, and the deed of trust describes only one of the two tax parcels. The lender's successor-in-interest, U.S. Bank, sought to foreclose on its deed and sued Hrutfjord's estate. Because the deed fails to provide a complete legal description of the legal lot sufficient to satisfy the statute of frauds, we affirm the court's order granting the Estate's motion for summary judgment and dismissing the complaint with prejudice.

FACTS

In 2006 Bradley Hrutfjord purchased the subject real property at 4415 Hall Road in Blaine, Washington, from Kurt and Stephanie Thomas. The property he purchased was a single lot created in 2001.

Before 2001, Kurt Thomas owned a 1.43-acre tract referred to as the "Thomas tract." In 2001, the owner of the adjoining property, the Westman Estate, "for and in consideration of" a boundary line adjustment, granted to Thomas 3.99 acres via a quitclaim deed. The quitclaim deed specified the 3.99

2

acres "shall be attached to and become a part of" the "Thomas tract" that was described as tax parcel 400108 107162.[1] The deed further specified that the combined lot "shall not be sold or leased separately" unless such a subdivision were exempt or approved. Such a restriction ensured that the conveyance of the 3.99 acres to Thomas was not a subdivision under chapter 58.17 RCW.[2] See RCW 58.17.040(6) (boundary line adjustments are not subdivisions or short subdivisions of land creating legal lots for sale, lease, or transfer); RCW 58.17.020(1) & (6) (subdivisions and short subdivisions are "for the purpose of sale, lease, or transfer of ownership" of land).

As a map recorded with the quitclaim deed shows, as a result of the deed, the property at 4415 Hall Road consisted of a single lot comprising Thomas's original lot of 1.43 acres (the Thomas tract) and 3.99 acres from the Westman Estate:

---

[1] For simplicity, four trailing zeroes, "0000," are omitted from tax parcel numbers stated herein.

[2] Under RCW 58.17.040(3), divisions of property made by a testamentary provision or the laws of descent are not subdivisions or short subdivisions subject to chapter 58.17 RCW. Respondent, the Estate of Bradley Hrutfjord, asserts the quitclaim deed was part of Thomas's "inheritance." But the record does not indicate whether the Westman Estate's grant to Thomas was pursuant to a testamentary transfer. There is also nothing in the record that explains the relationships of the owners of the property at issue. Janet Hrutfjord was both trustee of the Westman Estate and, along with Thomas, a grantee of the Thomas tract, according to the quitclaim deed that added the 3.99 acres to the Thomas tract.



In 2006, Thomas conveyed the combined single lot to Hrutfjord via

statutory warranty deed. This deed includes an abbreviated legal description of

4

two divisions of land: lots and a portion of a section. The deed identifies two tax

parcel numbers, 400108 107162 and 400108 107098, and instructs its readers to

"See Attached Exhibit 'A' " for a full legal description of the land. In turn, Exhibit A

provides the legal description of the two tax parcels, A & B, comprising the single

legal lot sold to Hrutfjord:

**EXHIBIT A**

**PARCEL A:**

*1.43 acres*

LOTS 10 TO 16, INCLUSIVE, AND LOTS 17 TO 23, BLOCK 26, PLAT OF SOUTH BLAINE OF W.M., WHATCOM COUNTY, WASHINGTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 2 OF PLATS, PAGE 76, RECORDS OF WHATCOM COUNTY, WASHINGTON, TOGETHER WITH THE NORTH ONE-HALF OF VACATED 5TH STREET ABUTTING, THE VACATED ALLEY ABUTTING; TOGETHER WITH THE WEST ONE-HALF OF VACATED "C" STREET ABUTTING.

SITUATE IN WHATCOM COUNTY, WASHINGTON.

**PARCEL B:**

*3.99 acres*

A PORTION OF THE EAST HALF OF THE SOUTHWEST 46 ACRES OF THE SOUTHWEST QUARTER OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 1 EAST OF W.M., DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF SAID EAST HALF AS SHOWN ON RECORD OF SURVEY RECORDED UNDER AUDITOR'S FILE NO. 1990301520, SAID POINT BEING ON THE SOUTH RIGHT-OF-WAY LINE OF THE HALL ROAD NO. 487; THENCE SOUTH 87°11'14" EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE FOR A DISTANCE OF 2.82 FEET; THENCE SOUTH 87°53'23" EAST ALONG SAID SOUTH RIGHT-OF-WAY LINE FOR A DISTANCE OF 305.87 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID RIGHT-OF-WAY SOUTH 87°53'23" EAST FOR A DISTANCE OF 78.81 FEET TO THE NORTHWEST CORNER OF A 1.43 ACRE TRACT OF LAND CONVEYED TO JANET HRUTFJORD AND KURT RODNEY THOMAS UNDER AUDITOR'S FILE NO. 970328161 AS DEPICTED ON SAID RECORD OF SURVEY; THENCE SOUTH 01°54'50" WEST FOR A DISTANCE OF 291.20 FEET TO THE SOUTHWEST CORNER OF SAID 1.43 ACRE TRACT; THENCE SOUTH 88°28'38" EAST FOR A DISTANCE OF 214.71 FEET TO THE SOUTHEAST CORNER OF SAID 1.43 ACRE TRACT; THENCE SOUTH 01°56'55" WEST ALONG THE EAST LINE OF SAID EAST HALF FOR A DISTANCE OF 516.90 FEET; THENCE NORTH 87°53'23" WEST PARALLEL WITH SAID SOUTH RIGHT-OF-WAY LINE FOR A DISTANCE OF 292.29 FEET; THENCE NORTH 01°50'56" EAST PARALLEL TO THE WEST LINE OF SAID EAST HALF FOR A DISTANCE OF 805.91 FEET TO THE POINT OF BEGINNING.

SITUATE IN WHATCOM COUNTY, WASHINGTON.

Tax parcel A is the original 1.43-acre lot, i.e., the Thomas tract, and tax parcel B

is the 3.99 acres conveyed by the Westman Estate to Thomas in 2001.

Hrutfjord signed a $66,400 note to buy the property in 2006. That note states only the property's street address: 4415 Hall Road, Blaine, WA, 98230. The deed of trust Hrutfjord granted to the lender as security for the note identifies only tax parcel number 400108 107162 referring to the original 1.43-acre lot, i.e., tax parcel A. At the Whatcom County Assessor's Office, that tax parcel number corresponds to a different street address, a different abbreviated description, and a different full legal description compared to the single lot composed of two tax parcels Hrutfjord purchased.[3]

The deed of trust also states the abbreviated legal description of only tax parcel A and refers to a "full legal description" at page 16 of the deed. In turn, page 16 of the deed, Exhibit A, provides the full legal description of only the original 1.43-acre lot, tax parcel A:

**EXHIBIT A**

LOTS 10 TO 16, INCLUSIVE, AND LOTS 17 TO 23, BLOCK 26, PLAT OF SOUTH BLAINE OF W.M., WHATCOM COUNTY, WASHINGTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 2 OF PLATS, PAGE 76, RECORDS OF WHATCOM COUNTY, WASHINGTON, TOGETHER WITH THE NORTH ONE-HALF OF VACATED 5TH STREET ABUTTING, THE VACATED ALLEY ABUTTING; TOGETHER WITH THE WEST ONE-HALF OF VACATED "C" STREET ABUTTING.

SITUATE IN WHATCOM COUNTY, WASHINGTON.

This is the entirety of Exhibit A, and it makes no reference to the fact that the property contains two tax parcels, A and B.

The lender's title insurance report is consistent with the deed of trust. Its policy covers the original 1.43-acre lot conveyed to Hrutfjord as tax parcel A, but

---

[3] The record states the size of the original lot as both 1.43 acres and 1.34 acres. The difference appears to be a scrivener's error and is not legally significant to the issue in this appeal.

specifically excludes coverage for the 3.99 acres added by the quitclaim deed earlier.

Hrutfjord defaulted on the note in 2013 and passed away in 2014. His estate was probated the following year. In 2016, the lender's successor-in-interest, U.S. Bank, sued Hrutfjord's estate to foreclose on the property "covered" by its deed of trust for a judgment in rem. According to the Estate, U.S. Bank's complaint against it was not timely. The Estate asserts the parties engaged in protracted settlement negotiations but, when those negotiations could not be concluded, the Estate answered the complaint and asserted its counterclaims in 2021.

In 2023, U.S. Bank and the Estate filed cross motions for summary judgment. U.S. Bank requested an "in-rem money judgment on the deceased's unpaid debt" and a "decree of foreclosure of the encumbered real property." The Estate asked the court to "dismiss U.S. Bank's lawsuit seeking foreclosure and sale of the tax parcel in question." The court denied U.S. Bank's motion "because the erroneous legal description in the Deed of Trust violates the Statute of Frauds, and their foreclosure action seeking a sale of portion of the legal lot of record, requires a violation of the Restrictive Covenant at issue." Instead, the court granted the Estate's motion and dismissed U.S. Bank's complaint with prejudice, concluding, "The foreclosure sale of a portion of the legal lot of record would constitute an illegal subdivision, which this court has no authority to approve." U.S. Bank filed a timely appeal.

DISCUSSION

U.S. Bank assigns error to the court's order granting summary judgment in favor of the Estate and dismissing its complaint for foreclosure. It argues its deed of trust is enforceable under the statute of frauds.[4] We disagree.

We review summary judgment orders de novo, engaging in the same analysis as the trial court. Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). Where, as here, a case is "on cross motions for summary judgment, we take the facts in the light most favorable to the nonmoving party with respect to the particular claim." Anderson v. Akzo Nobel Coatings, Inc., 172 Wn.2d 593, 597, 260 P.3d 857 (2011).

A lender can elect to judicially foreclose a deed of trust "in the same manner as a real property mortgage," as U.S. Bank chose to do here. RCW 61.24.100(8). The deed of trust to be foreclosed upon must "describe[ the] real estate" encumbered by the deed. RCW 61.12.020. Every encumbrance on real estate, such as a deed of trust, "shall be by deed." RCW 61.12.010 (citing RCW 64.04.010). "The general rule in Washington, 'subject to some exceptions and qualifications . . . , is that a document that transfers an interest in land must describe the land by its full legal description' to satisfy the statute of frauds."

---

[4] U.S. Bank also argues the Estate is estopped from challenging its deed of trust because Hrutfjord warranted the encumbrance complied with the law. This argument fails because the deed's warranty is subject to any "encumbrances of record" and the bank's own title report excludes the recorded quitclaim deed that added 3.99 acres and restricted subsequent subdivision of the property.

Teklu v. Setayesh, 21 Wn. App. 2d 161, 165, 505 P.3d 151, review denied, 199 Wn.2d 1028 (2022) (quoting 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 13.3, at 78 (2d ed. 2004)). " 'In a long line of decisions, we have held that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony.' " Key Design, Inc., v. Moser, 138 Wn.2d 875, 881, 983 P.2d 653 (1999) (quoting Martinson v. Cruikshank, 3 Wn.2d 565, 567, 101 P.2d 604 (1940) (citing cases beginning with Rochester v. Est. of Yesler, 6 Wash. 114, 32 P. 1057 (1893))).

In Washington, for 75 years now, it has been the law that describing property by its street address is not sufficient to satisfy the statute of frauds. Key Design, Inc., 138 Wn.2d at 882 (citing Martin v. Seigel, 35 Wn.2d 223, 229, 212 P.2d 107 (1949)). Our Supreme Court has "consistently passed up opportunities to recognize" an exception for judicial admissions, i.e., when the party claiming the statute of frauds protection admits to the legal description of the property at issue in court documents. Key Design, Inc., 138 Wn.2d at 885.

Here, the deed of trust includes the following description:

LOTS 10 TO 16, INCLUSIVE, AND LOTS 17 TO 23, BLOCK 26, PLAT OF SOUTH BLAINE OF W.M., WHATCOM COUNTY, WASHINGTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 2 OF PLATS, PAGE 76, RECORDS OF WHATCOM COUNTY, WASHINGTON, TOGETHER WITH THE NORTH ONE-HALF OF VACATED 5TH STREET ABUTTING, THE VACATED ALLEY ABUTTING; TOGETHER WITH THE WEST ONE-HALF OF VACATED "C" STREET ABUTTING.

SITUATE IN WHATCOM COUNTY, WASHINGTON.

This language describes only tax parcel A. It does not mention or provide any description, whether full or abbreviated, of tax parcel B.

U.S. Bank does not claim its deed of trust's description is a full legal description of its interest sufficient to satisfy the statute of frauds. Instead, it argues an exception applies, citing Bingham v. Sherfey, 38 Wn.2d 886, 234 P.2d 489 (1951). In Bingham, the court recognized that "a reference to [the tax rolls of the county assessor] furnishes the legal description of the real property involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds." 38 Wn.2d at 889. In Bingham, the metes and bounds[5] legal description of the land was incomplete, and the trial court found the description "indefinite and uncertain." Id. at 887 ("Such a description would call for a location in the Pacific [O]cean."). However, the option also described the land with reference to "Tax No. 3 . . . *as at present designated* on the tax rolls in the office of the County Assessor . . . , *being* all of that part of the following described tract of land." Id. The court agreed that the description of the land via the tax rolls was "a full, complete, and legally sufficient description of the property, and that the [metes and bounds description] is an attempt to duplicate the same description in different words and is, in fact, surplusage." Id. at 887-88. The tax roll exception in Bingham has subsequently been recognized as, " 'in effect,' " incorporation by reference of the " 'recorded instruments of a county auditor.' " Teklu, 21 Wn. App.

---

[5] "A metes and bounds description, which must of course start at some agreed point, reaches the land to be described and then circumscribes it by a series of 'calls,' each of which describes a line by the direction ('bearing' or 'course') and the 'distance' between that line's beginning and ending points." 18 STOEBUCK & WEAVER, supra, § 13.2, at 75.

2d at 168 (quoting 18 STOEBUCK & WEAVER, supra, § 13.3, at 83). Thus, the tax roll exception in Bingham satisfies the rule that a deed of trust "must contain a description of the land sufficiently definite to locate it without recourse to oral testimony." Key Design, Inc., 138 Wn.2d at 881.

U.S. Bank argues its deed of trust "also identified a unique Whatcom County Assessor & Treasurer Parcel ID Number 400108 107162" and that tax parcel number "corresponds to a specific parcel of identifiable real property," so "it is clear that the legal description set forth in U.S. Bank's Deed of Trust fully satisfies the applicable statute of frauds." But correspondence to "a specific parcel of identifiable real property" is not what the Bingham tax roll exception requires. Unlike "Tax No. 3" in Bingham, which incorporated by reference a description to all, *"being all,"* of the land the option in that case described, in the present case tax parcel number 400108 107162 describes only a portion of the legal property at issue, i.e., only one of two tax lots. The fact that the tax parcel number "corresponds to a specific parcel of identifiable real property" is not sufficient to satisfy the statute of frauds when it describes only tax parcel A and makes no mention of tax parcel B, and both tax parcels A and B together constitute the single legal lot of record at issue.

Moreover, in Bingham, the tax roll exception the court recognized saved a metes and bounds description that was inconsistent.[6] 38 Wn.2d at 887. In the

---

[6] "[A] 'mistaken' description describes no land at all if read literally; the instrument fails unless a court takes liberties with the literal language. And a description that is 'inconsistent' describes some land, but there are internal inconsistencies that make that land's location more or less unclear." 18 STOEBUCK & WEAVER, supra, § 13.6, at 105. The Willamette Meridian is the "principal reference," adopted in 1851, running north and south from which all property in Washington State is located by "ranges" east or west of the meridian. 18 STOEBUCK & WEAVER, supra, § 13.2, at 74-75. The legal description in Bingham was inconsistent because it did not

present case, there is no inconsistency in U.S. Bank's deed of trust; rather, the deed describes only tax parcel A. Thus, unlike in Bingham, the tax roll adds nothing to the description in the deed of trust.

The problem for U.S. Bank is that the deed does not describe a legal piece of real property. The lender's own title insurance policy warned it of exactly this problem by excluding tax parcel B from the policy. Tax parcel A alone is not a legal subdivision of property that may be foreclosed on. See RCW 58.17.020(1) (" 'Subdivision' is the division . . . of land . . . for the purpose of sale, lease, or transfer of ownership.").

The same tax roll exception as in Bingham saved a purchase and sale agreement containing an option to buy in Teklu. 21 Wn. App. 2d at 169. In Teklu, the purchase and sale agreement was to have provided a legal description of the property at issue in exhibit A, "but there was no Exhibit A attached." Id. at 163. The agreement thus, mistakenly, described no land at all. See 18 STOEBUCK & WEAVER, supra, § 13.6, at 105 ("a 'mistaken' description describes no land at all if read literally"). However, the agreement did provide a Snohomish County tax parcel number. Teklu, 21 Wn. App. 2d at 163. The plaintiff seeking to enforce the agreement filed a motion "explaining step-by-step how a person could enter the tax parcel number into the assessor's website and find . . . an abbreviated legal description, together with . . . a complete legal description" of the property at issue. Id. at 164. The trial court concluded the tax parcel number incorporated a legal description of the property at issue sufficient to satisfy the statute of frauds.

mention the Willamette Meridian and whether the description's range was east or west of that meridian.

12

Id. This court affirmed because, "under the right circumstances, a reference to a tax parcel number and county can satisfy the legal description requirement of the statute of frauds," although we also noted that "the best practice clearly remains to expressly recite the complete legal description in the" deed. Id. at 171-72.

In the present case, the record shows the Whatcom County Assessor's Office, as of February 2023, had records showing that tax parcel number 400108 107162 has an abbreviated legal description of "SOUTH BLAINE LOTS 10 THRU 23 BLK 26-TOG WI VAC N ½ FIFTH ST ABTG-VAC ALLEY ABTG." The only full legal description associated with that tax parcel number corresponds to a different street address than the one at issue here, 44<u>05</u> Hall Road, not 44<u>15</u> Hall Road, and does not match either tax parcel A or B that together comprise the legal lot at issue:

> SOUTH BLAINE LOTS 1-2 BLK 27 TO WI ELY 1/ 2 OF C STREET LY SLY OF SLY R/ W LI OF HALL RD-NLY OF C/L OF ALLEY BISECTING BLK 27-NLY 1/ 2 OF ALLEY BISECTING BLK 27 ALL OF WHICH ADJOIN LOTS 1-2 BLK 27 SD PLAT AS DESC CVL 12-2-01742-1-TOG WI W 1/2 VAC C STREET

Unlike the "right circumstances" in Teklu that allowed the court to incorporate by reference a complete legal description of the property at issue to satisfy the statute of frauds despite the option's absent, mistaken description, the tax parcel number in the present case does not provide a complete legal description of the property at issue.

Viewing the record in the light most favorable to U.S. Bank, there is no genuine issue of fact requiring a trial. The statute of frauds requires a complete legal description of the property at issue before U.S. Bank may foreclose. Neither

the note nor the deed of trust provides a description of the single legal lot of record comprised of two tax parcels, as required to satisfy the statute of frauds.[7]

Affirmed.

_____
Chung, J.

WE CONCUR:

_____          _____
Birk, J.                         Mann, J.

_____

[7] We need not reach the other arguments the parties raise regarding whether the quitclaim deed's covenant against subdivision prevents the application of chapter 61.24 RCW or a partial judicial foreclosure under chapter 61.12 RCW, or whether the statute of limitations bars subsequent U.S. Bank's claims against the Estate.